(No. 31999.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* BERNARD EPHRAIM, Plaintiff in Error.

*Opinion filed January 24, 1952.*

BERNARD EPHRAIM, *pro se.*

IVAN A. ELLIOTT, Attorney General, of Springfield, and JOHN S. BOYLE, State's Attorney, of Chicago, (JOHN T. GALLAGHER, RUDOLPH L. JANEGA, ARTHUR F. MANNING, and WILLIAM J. MCGAH, JR., all of Chicago, of counsel,) for the People.

Mr. CHIEF JUSTICE DAILY delivered the opinion of the court:

After a trial by jury in the criminal court of Cook County, the defendant, Bernard Ephraim, was found guilty of the crime of burglary and was sentenced to the penitentiary for a term of not less than twenty years nor more

than thirty-five years. Appearing *pro se* and presenting only the common-law record, he now prosecutes this writ of error to review that judgment.

It is defendant's claim that the trial court lost jurisdiction to proceed to a valid conviction and sentence because of errors which allegedly deprived him of his right to counsel of his own choice during preliminary proceedings and, later, of his right to defend in person. Specifically, he contends: (1) that the unwanted services of the public defender were thrust upon him in pretrial matters and that the court allowed the said public defender to appear even after he had been ordered to withdraw as defendant's counsel; and, (2) that after the court had given defendant leave to defend in person he was denied that right when the court appointed a defense counsel who in fact conducted the defense at the trial.

With relation to the first assignment of error, the record shows that defendant was indicted in March, 1948, and while being represented by one Ellis, an attorney of his choice, pleaded not guilty and was admitted to bail. Ellis was given leave to withdraw as counsel before any further proceedings were held and attorneys Lee and Perlin entered their appearance in his stead. Several days later, they moved to withdraw their appearance. Hearing on their motion was continued and at the same time the court ordered defendant's bond forfeited and directed that a *capias* issue. A month later, in June, 1948, the cause was stricken with leave to reinstate, when it appeared that defendant had not been apprehended. The next entry in the record, made in April, 1949, shows that defendant appeared in court with the State's Attorney and the cause was reinstated. When it appeared that defendant had no counsel, the court, on its own motion, appointed the public defender. The cause was continued on two occasions, then on May 20, 1949, the public defender was given leave to withdraw his appearance and the record indicates that one Alfasso

filed his appearance as defendant's counsel. Twenty days later, before any further proceedings, an order was entered permitting Alfasso to withdraw his appearance and the court again appointed the public defender. Following this, the public defender successfully prosecuted a petition for a change of venue and represented defendant at a hearing which culminated in an order that defendant be examined by the Behavior Clinic. Several continuances intervened until September 12, on which date the court again granted leave to the public defender to withdraw his appearance and granted leave to defendant to act as his own counsel in the cause.

Much of defendant's argument that the appointment of the public defender was thrust upon him in such a manner as to deny him his right to choose his own counsel is based upon his assertion that the public defender was not reappointed as his counsel after Alfasso withdrew from the cause, thus making the defender's later appearances unauthorized and unwanted. This argument may be met simply by pointing out that it is not supported by the record, which clearly and expressly shows that the court reappointed the public defender with no objection from the defendant. Nor was it necessarily error for the court to appoint and reappoint the public defender at the times when it appeared that the defendant was without counsel. It is true that the right of a defendant to be represented by counsel includes the right to employ counsel of his own choice, (*People* v. *Cohen,* 402 Ill. 574; *Powell* v. *State of Alabama,* 287 U.S. 45, 77 L. ed. 158,) but it is not error for a court, on its own motion, to appoint an attorney for one charged with a crime unless it is done over his objection and some exception is taken to the court's action at the time. (*People* v. *Witt,* 394 Ill. 405.) The same rule has been extended to the appointment of the public defender. (*People* v. *McKay,* 403 Ill. 417; *People* v. *Montville,* 393 Ill. 590.) In the *Montville case* it was stated that the

appointment was not improper where the defendant registered no objection or exception and where the record shows that defendant was not deprived of any right but was in fact given assistance not required by law to have extended to him.

There is no bill of exceptions filed in this cause nor does the common-law record show any objection or protest by defendant to the appointment or reappointment of the public defender as his counsel. Neither is there any suggestion in the record that the services of the public defender were forced upon defendant. That defendant's argument in this respect comes as an afterthought is made obvious by the record, for defendant, far from objecting, availed himself of the help thus given by the court and was aided at least to the material extent that he was granted a change of venue. The record shows, too, that the court guarded defendant's right to select his own counsel by causing the public defender to withdraw, first, when defendant apparently selected Alfasso to defend him, and, second, when defendant apparently expressed his election to defend himself. Under the circumstances of the record, we conclude that the appointment, reappointment and appearances of the public defender did not deny any rights of the defendant or prejudice his cause in any respect and, therefore, were not error.

Following the order of September 12, 1949, wherein the public defender withdrew and defendant was given leave to defend himself, there were some eight court appearances, mostly for the purpose of assigning and reassigning the cause to various judges of the criminal court. On November 9, 1949, the court, on its own motion and without objection by defendant, appointed attorney Charles A. Bellows as defendant's counsel. Following his appointment, Bellows represented the defendant at four pretrial hearings, at the trial which lasted for nine days, and upon six occasions to argue post-trial motions. At no time from

the date of Bellows's appointment until, and including, his last appearance when he unsuccessfully argued for a stay of *mittimus,* does it appear that defendant ever objected to his appointment and appearances or that defendant was prejudiced in any way. With the record in this condition, we now find the defendant contending that Bellows's appointment constituted a denial of his basic right to defend himself.

On the basis of the decisions previously discussed under defendant's first assignment of error, it must be held that the appointment of Bellows as counsel, without objection or exception on the part of defendant, was not error unless it did infringe upon defendant's right to defend in person. In considering the record, it is difficult to believe that defendant made a sincere effort to exercise his right or that he was prevented therefrom. It appears rather that he abandoned and waived his right to defend in person by availing himself of the help given him by the court. The court, on the other hand, appears to have been properly solicitous of the rights and welfare of the accused in appointing Mr. Bellows, whom the records of this court show to be a highly experienced and extremely able counsellor in criminal matters. An accused has either the right to have counsel act for him or the right to act himself. As pointed out in *United States* v. *Mitchell,* 137 Fed. 2d 1006, it is obvious that both of those rights cannot be exercised at the same time. It follows that to allow a defendant to avail himself to the hilt of his right to counsel, then allow him to plead his right to defend himself when the trial conducted by counsel produces an unsatisfactory result, would give far too great a chance to delay trial and to otherwise embarrass effective prosecution of crime. (See *United States* v. *Gutterman,* 147 Fed. 2d 540.) As indicated in the *Mitchell case,* a defendant must be required to make his election between the two rights at the proper time and in the proper manner. The only conclusion which

obtains from the record before us is that the defendant waived his right to defend himself by not objecting to the appointment of counsel and by accepting his services completely.

The Supreme Court of the United States, speaking in *Adams* v. *United States,* 317 U.S. 269, 87 L. ed. 268, has pointed out that the constitution does not force a lawyer upon a defendant and that he may waive his right to assistance of counsel if he knows what he is doing and his choice is made with eyes open. (See, also, *Johnson* v. *Zerbst,* 304 U.S. 458, 82 L. ed. 1461.) We believe it must follow that he may, also at his election, forego his right to act for himself. The record here shows that the defendant made a *pro forma* request that he be allowed to defend himself, then failed to actively or sincerely pursue it until his appearance in this court. The entire record lends little depth or sincerity to the defendant's contentions, but, rather, reflects a zeal on the part of the trial court to protect the rights and welfare of the accused at all stages of the proceeding. We hold that the defendant was not prevented from defending in person and that the record shows that he waived that right by his acquiescence in, and failure to object to, the appointment of attorney Bellows.

Defendant has sought to bolster his argument by frequent reference to matters *de hors* the record, by misquotation from his cited authorities and by twisting the sequence and wording of the record to suit his needs. On a review of this nature we are limited to what is contained in the common-law record, as the defendant fully shows himself to be aware, and his efforts to support his position by matters not pertinent and by misrepresentation can only merit censure.

For the reasons stated, the judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*