THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* PHILLIP GUTHRIE, Defendant-Appellant.

Fourth District    No. 14453

Opinion filed May 12, 1978.

Richard J. Wilson and Jeffrey D. Foust, both of State Appellate Defender's Office, of Springfield, for appellant.

Patrick M. Walsh, State's Attorney, of Decatur, for the People.

Mr. PRESIDING JUSTICE GREEN delivered the opinion of the court:

The Illinois Constitution of 1970, article I, section 8, provides in part, "In criminal prosecutions, the accused shall have the right to appear and defend in person and by counsel;* * *."

In *Faretta v. California* (1975), 422 U.S. 806, 45 L. Ed. 2d 562, 95 S. Ct. 2525, the Federal constitutional right of a defendant in State criminal proceedings to defend himself in person was recognized.

In this case, we make the first ruling by a court of review in this State upon the questions of: (1) whether a defendant in a criminal case has an absolute right arising from the Federal or State constitutions, the statutes or common law to appear by counsel while at the same time conducting portions of the defense himself, and (2) assuming *arguendo* that no such absolute right exists, is the court required to allow him to appear both *pro counsel* and *pro se* if it can be reasonably done.

After a trial by jury in the circuit court of Macon County, defendant Phillip Guthrie was convicted of the offenses of burglary, possession of burglary tools, unlawful use of weapons and armed violence. He was sentenced to 6 to 18 years' imprisonment to run consecutively with a sentence of 2 to 6 years' imprisonment imposed by the same court on the same day in a companion case. Upon appeal, in addition to his contention that the court's refusal to permit him to proceed both *pro counsel* and *pro se* denied him Federal and State constitutional rights and was an abuse of discretion, he maintains that: (1) the court erred in denying his *in limine* motion to prevent the State from impeaching him by evidence of his prior involuntary manslaughter conviction, (2) the evidence was insufficient to

prove beyond a reasonable doubt his guilt of possession of burglary tools and unlawful use of weapons, and (3) the court erred in sentencing.

The questions concerning the defendant's request to participate in the conduct of his defense while at the same time being represented by counsel are the most significant. In *People v. Ephraim* (1952), 411 Ill. 118, 103 N.E.2d 363, after a defendant had made several changes of counsel and appeared without counsel at several motions, the court appointed an attorney to represent him. The defendant did not question the propriety of the appointment at trial but claimed for the first time on appeal that the attorney had been forced on him against his will. In ruling that the issue had been waived, the supreme court noted that the trial court had been "solicitous" of the welfare of the defendant in appointing very able counsel for him and stated, "An accused has either the right to have counsel act for him or the right to act himself. As pointed out in *United States v. Mitchell*, 137 F.2d 1006, it is obvious that both of those rights cannot be exercised at the same time." (411 Ill. 118, 122, 103 N.E.2d 363, 365.) At the time of *Ephraim*, the Illinois Constitution of 1870, article II, section 9, contained a provision similar to article I, section 8, of the present State constitution.

■■ In *People v. Lindsey* (1974), 17 Ill. App. 3d 137, 308 N.E.2d 111, after telling defendant that he could represent himself with his appointed lawyer assisting him, the trial court refused to allow the defendant's request that the appointed lawyer cross-examine several prosecution witnesses. On review the appellate court ruled the refusal to be error, citing *Ephraim* for the rule that the court could have required the defendant to elect to proceed either *pro se* or *pro counsel* but stating that after informing the defendant that he could have the unrestricted assistance of counsel, the trial court erred in prohibiting this type of assistance. Permission for a defendant to proceed *pro se* but with the aid of counsel is recognized and used as an aid by the court to protect the judicial process from deterioration and the *pro se* defendant who is unable to defend himself (*People v. Allen* (1967), 37 Ill. 2d 167, 226 N.E.2d 1). The dictum of *Ephraim* that defendant has no right of any kind to this procedure, however, is in accordance with the majority of other States having constitutional or statutory provisions similar to ours. Annot., 77 A.L.R.2d 1233, 1241 (1961).

■■ The thrust of defendant's argument is that the foregoing rules were changed by *Farretta* so that a defendant now has a right to simultaneous *pro se* and *pro counsel* representation. The *Farretta* opinion traced the history of the rights of an accused to representation from the English common law through the colonial period to the present. It noted that only in the infamous Star Chamber was counsel forced upon the defendant. The court relied upon this historical background in concluding that the

right of a criminal accused to self representation was a part of the Sixth Amendment. The language of the opinion states clearly, however, that the right the court was speaking of was not the right of dual representation but *"a right to choose between pleading through a lawyer and representing oneself."* (Emphasis added.) (422 U.S. 806, 828, 45 L. Ed. 2d 562, 578, 95 S. Ct. 2525, 2538.) We agree with *United States v. Hill* (10th Cir. 1975), 526 F.2d 1019, and *United States v. Swinton* (S.D.N.Y. 1975), 400 F. Supp. 805, that no Federal constitutional right of a defendant to combined *pro se* and *pro counsel* representation exists.

■■ Defendant argues in the alternative that here the trial court breached its discretion in not permitting the dual representation. The defendant's request was to examine prospective jurors on *voir dire* and to make an opening statement and closing argument. Because the performance of these functions requires less technical skill than the presentation of evidence, granting the defendant's request would have placed less burden upon the court than would permitting other types of participation. However, to rule that a defendant represented by counsel nevertheless has a right to perform certain trial functions of the attorney but not others would place a very difficult burden upon the trial court.

■■■ Although the Illinois constitutional mandate in regard to personal representation and that by counsel is in the conjunctive, we follow the dictum of *Ephraim* that neither the State Constitution, its statutes nor the common law require a trial court to permit a defendant to proceed both in person and by counsel. We do not consider *Faretta* to rule that the Federal Constitution so requires. We are not persuaded that, even under optimum circumstances, a defendant has any such right. The trial court did not err in refusing defendant's request.

In any event, the court's refusal to permit defendant to question jurors on *voir dire* was in conformity with Supreme Court Rule 234 (58 Ill. 2d R. 234) made applicable to criminal prosecutions by Rule 431 (58 Ill. 2d R. 431), which has been held to control over contrary statutory language. *People v. Jackson* (1977), 69 Ill. 2d 252, 371 N.E.2d 602.

Defendant's *in limine* motion requested that the court rule that if the defendant testified, the State could not impeach his testimony by proof of his prior convictions for burglary and involuntary manslaughter. Defendant sought a pretrial ruling so that he would know whether he could be thus impeached before deciding whether to testify. The court denied the motion and defendant elected not to testify. Accordingly, evidence of the conviction was not presented. On appeal, defendant argues that the refusal to rule that evidence of the involuntary manslaughter conviction could not be used was error citing the decision of this court in *People v. Wright* (1977), 51 Ill. App. 3d 461, 366 N.E.2d 1058, decided after the trial of the instant case.

*Wright* concerned interpretation of *People v. Montgomery* (1971), 47 Ill. 2d 510, 268 N.E.2d 695, where the supreme court ruled that impeachment of a criminal defendant by prior conviction was no longer solely dependent upon whether the conviction was for an infamous felony but rather depended upon the time span between the prior conviction and the use of the conviction and whether the conduct giving rise to the conviction bore upon the defendant's veracity. The *Montgomery* court directed that the trial judge in determining whether to admit the evidence of conviction, balance the impeaching value of the evidence against its propensity to prejudice the defendant. In *Wright,* State's evidence was admitted of the defendant's prior conviction for aggravated battery. In reversing a conviction for rape and deviate sexual assault, each member of the panel wrote a separate opinion. The Presiding Justice recognized that *Montgomery* permitted the trial judge to consider evidence of the defendant's timely conviction of any felony in performing the balancing test but concluded that relevance between defendant's commission of aggravated battery and his veracity was so totally lacking as to make its admission a breach of the trial court's discretion. A concurring opinion reasoned that the record indicated that the trial court had admitted the evidence for substantive purposes and had thus failed to perform the balancing test required by *Montgomery.* The concurrence stated, however, that a relationship does exist between a defendant's disrespect for law and his veracity and that the evidence of his convictions was not totally lacking in probative value to impeach. The dissent concluded that the balancing test had been performed but otherwise agreed with the concurrence.

■■ We agree with the views expressed in the specially concurring and dissenting opinions in *Wright* that evidence of convictions and felonies not directly related to dishonesty are not completely lacking in probative value for impeachment. Here, the court carefully weighed the probative value of the prior involuntary manslaughter conviction against its propensity to prejudice the defendant. No error occurred in the denial of the *in limine* motion.

■■ No lengthy review of the evidence is necessary to consider defendant's claims that the evidence was insufficient to prove beyond a reasonable doubt his guilt of possession of burglary tools and unlawful use of weapons. The evidence was undisputed that the defendant was apprehended inside a drug store after closing hours and apparently attempting to steal various items of merchandise. An officer found a hole in the roof. Beside the hole were a pair of pliers and some metal screws. Similar screws were found in defendant's pocket. Pliers, if possessed with the intent to break into a building, are burglary tools. (Ill. Rev. Stat. 1975, ch. 38, par. 19—2.) There is no reasonable explanation for the pliers

being on the roof other than that defendant or his companion who was also found inside the building brought them there for the purpose of using them to enter into the building. The evidence of the screws being in defendant's pockets would indicate that more likely than not he used the pliers on the roof. In any event, the jury could have concluded that the only reasonable hypothesis was that regardless of who brought the pliers, the one who did not have possession of the pliers knew of the other's possession of the pliers and intent to use them and aided the other in their use. The evidence of defendant's guilt of possession of burglary tools was sufficient.

■■ The unlawful weapons charge was based upon the theory that defendant had carried a concealed weapon. (Ill. Rev. Stat. 1975, ch. 38, par. 24—1(a)(4).) A policeman testified that as he entered the room of the building where defendant was found, he saw a gun in a hand which was extending over a counter door. The officer subsequently fired at and hit the person holding the gun. Defendant was identified as being that person. A person's possession of a gun has been held to be insufficient to prove beyond a reasonable doubt that the individual had concealed the gun (*People v. House* (1975), 29 Ill. App. 3d 994, 331 N.E.2d 72). Here, defendant was shown to have been wearing a shoulder holster but there was no showing that he had worn a garment over the holster. Although it would have been likely that he had worn such a garment and had carried the gun in the holster, we conclude that too much speculation is required to prove defendant's guilt of this charge by the circumstantial evidence presented. The unlawful use of weapons conviction must be reversed.

■■ The court imposed a single sentence for the four offenses of which the defendant was convicted and ordered the sentence to run consecutively with that imposed by the same court in its case No. 76—CF—346. We have this day reversed, by order, the conviction and sentence in the latter case (*People v. Guthrie,* General No. 14452). Because one of the offenses for which the defendant was convicted here has been reversed, we must remand for new sentencing without consideration of that conviction.

■■ At the prior sentencing hearing, the court was presented with evidence of defendant's prior convictions and also charges made against him for which no conviction had been obtained. Defendant objected to consideration by the court of arrests made of defendant or charges made against him when no conviction was obtained. It is not clear from the record that the court did not consider these arrests and charges. Prior to the adoption of the Unified Code of Corrections (Ill. Rev. Stat. 1972 Supp., ch. 38, pars. 1001—1—1 to 1008—6—1) the law was clear that prior arrests for unproved charges could be considered upon a motion for probation but not at a sentencing hearing. (*People v. Taylor* (1973), 13 Ill.

App. 3d 974, 301 N.E.2d 319.) Under the Code, probation is a sentence (par. 1005—6—1) which, if the defendant is eligible for probation, may be considered by the court at the sentencing hearing (par. 1005—4—1). No request by the defendant for probation is necessary. Whether prior arrests or charges not resulting in a conviction may be considered at a sentencing hearing is a more complicated question. When the defendant has requested that he be placed on probation, consideration is proper. (*People v. Davis* (1976), 38 Ill. App. 3d 411, 347 N.E.2d 818.) Consideration is limited, however, to the question of whether probation should be imposed and not to the question of the severity of the sentence if imprisonment is ordered. (*People v. Kelly* (1976), 36 Ill. App. 3d 476, 344 N.E.2d 50.) Here, where no consideration was given to probation by counsel for either side or the court, consideration of the unproved matters would have been error.

The convictions for burglary, armed violence and possession of burglary tools are affirmed. The conviction for unlawful use of weapons is reversed. The single sentence imposed is reversed and the case remanded for a new sentencing.

Affirmed in part, reversed in part and remanded for sentencing.

TRAPP and REARDON, JJ., concur.