THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DERLIES MEDRENO, Defendant-Appellant.

Third District   No. 81-16

Opinion filed August 27, 1981.

Robert Agostinelli and Charles W. Hoffman, both of State Appellate Defender's Office, of Ottawa, for appellant.

John A. Barra, State's Attorney, of Peoria (John X. Breslin and Terry A. Mertel, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE HEIPLE delivered the opinion of the court:

The defendant, Derlies Medreno, appeals from his convictions for home invasion, rape, and deviate sexual assault following a jury trial in the Circuit Court of Peoria County. He subsequently received concurrent sentences of 50 years' imprisonment for each conviction. The defendant presents two issues for review: whether the circuit court erred by admitting evidence of the defendant's prior rape conviction to impeach his credibility; and whether the conviction for home invasion must be reversed because the indictment failed to allege that the defendant's entry was without authority.

The evidence presented by the State indicated that the victim, Bonnie Fiers, was a victim of rape, of deviate sexual assault and home invasion. Defendant's evidence was contrary.

Following the defendant's testimony, the defense rested. In rebuttal, the State offered evidence of the defendant's prior conviction for the purpose of impeaching his credibility. In 1973, the defendant was found guilty of rape, burglary, and deviate sexual assault, but he was sentenced only for the rape charge. Over the defendant's objection, the circuit court orally informed the jury that the defendant was convicted of rape in 1973. The court then admonished the jury to consider the conviction only with respect to the defendant's credibility. Later, the jury also received a written instruction containing the same admonishment.

The jury found the defendant guilty of rape, deviate sexual assault, and home invasion. The defendant filed a motion for new trial and in arrest of judgment, which the court denied.

The defendant first contends that the court erred in admitting the evidence of his 1973 rape conviction to impeach his credibility because that offense was not veracity-related and because it was similar to the instant crime.

Prior to *People v. Montgomery* (1971), 47 Ill. 2d 510, 268 N.E.2d 695, once the State offered evidence of any prior conviction and demonstrated that the conviction was for an "infamous crime," the trial judge was required to admit such evidence to impeach the credibility of a defendant who assumed the witness stand. (See, *e.g., People v. Buford* (1947), 396 Ill. 158, 71 N.E.2d 340.) This rule often presented a defendant in a criminal proceeding with a no-win dilemma; either he took the witness

stand and was impeached by any prior conviction available to the State regardless of the conviction's probative value or potential prejudice, or he refused to testify thereby denying the trier of fact the opportunity to hear his side of the story and at the same time implying his guilt from his failure to testify.

*Montgomery*, which adopted then proposed Rule 609 of the Federal Rules of Evidence, changes this practice in two respects. First, evidence of a prior conviction is admissible for impeachment only if the crime either was punishable by death or imprisonment in excess of one year or involved dishonesty or false statement regardless of punishment. Further, such a conviction is relevant only if a period of less than 10 years has elapsed since the date of the conviction or the release of the witness from confinement, whichever is the more recent date. The philosophy underlying this time limitation is that 10 years of conviction-free living demonstrates sufficient rehabilitation in the witness' credibility to attenuate any probative value, thus making those prior convictions *per se* inadmissible.

The second change wrought by *Montgomery* vests discretion in the trial court to exclude a prior conviction, admissible under the general rule, where its prejudicial effect substantially outweighs its probative value on the issue of the witness' credibility. The purpose of this discretion is found in the Advisory Committee's comments to Rule 609:

> "The trial court is not *required* to allow impeachment by prior conviction every time a defendant takes the stand in his own defense. * * * There may well be cases where the trial judge might think that the cause of truth would be helped more by letting the jury hear the defendant's story than by the defendant's foregoing that opportunity because of the fear of prejudice founded upon a prior conviction." (51 F.R.D. 315, 393 (1971).)

Significantly, once the party seeking admission of the prior conviction establishes the first portion of the rule, the burden of persuasion to demonstrate that the prejudicial effect of such evidence substantially outweighs its probative value falls to the party seeking its exclusion. If the conviction is admitted, the impeached party is entitled to a limiting instruction admonishing the jury to consider the conviction only as it affects the witness' credibility.

Thus, the *Montgomery* rule limits the potential for abuse where the accused elects to take the witness stand, but it still makes prior convictions relevant to the issue of his credibility in part because "it would be unfair to permit the accused to appear as a witness of blameless life." E. Cleary & M. Graham, Handbook of Illinois Evidence §609.1, at 284 (1979).

Although *Montgomery* clearly intends for the trial court to engage in balancing on every occasion impeachment by prior conviction is at-

tempted, the factors to be weighed have never been definitely stated nor has the relationship among the commonly listed factors been explicated. Final responsibility for exercising the discretion inherent in the rule lies with " "* * * [t]he experienced trial judge [who] has a sensitivity in this regard which normally can be relied upon to strike a reasonable balance between the interests of the defendant and of the public. * * *' " *People v. Montgomery* (1971), 47 Ill. 2d 510, 518, 268 N.E.2d 695, 699.

Nevertheless, an examination of the case law reveals several commonly accepted factors used in determining whether a prior conviction's prejudicial effect substantially outweighs its probative value:

(1) whether the prior conviction is veracity-related;

(2) the recency of the prior conviction as it reflects the degree of the rehabilitation in witness' credibility;

(3) whether the witness' age and circumstances at the time of his prior conviction diminish or mitigate the conviction's probative value;

(4) whether the prior conviction is affected by the witness' subsequent career and length of criminal record;

(5) whether the prior offense is similar to the instant offense thus increasing the danger of prejudice;

(6) the need for the witness' testimony and the likelihood he would forego his chance to testify thus impeding the trier of fact's disposition of the charges in accordance with the truth; and

(7) whether the witness' credibility is a central issue to the determination of the truth.

In applying these principles to the case at bar, we find no error was committed by the circuit court when it admitted evidence of the defendant's 1973 rape conviction to impeach his credibility in the instant rape trial.

■■ First, we consider rape to be a veracity-related crime that is probative of a witness' credibility, contrary to the defendant's argument. Merely because a conviction is not intimately related to ' dishonesty or false statement does not mean the conviction lacks probative value for impeachment. In *People v. Warfel* (1979), 67 Ill. App. 3d 620, 385 N.E.2d 175, the court declared that a prior rape conviction was probative of a witness' likelihood to commit perjury for the reason that a serious felony conviction evinces a disrespect for societal order and thus adversely affects his veracity. In *People v. Nelson* (1975), 31 Ill. App. 3d 934, 938, 335 N.E.2d 79, 83, the court expressed a similar argument, saying that possession of a large quantity of heroin, a felony, indicates a "disposition to place the advancement of individual self-interest ahead of principle or the interest of society, and such proof may suggest a willingness to do so

again on the witness stand. *(People v. Duffy*, 36 N.Y.2d 258, 326 N.E.2d 804 (1975).)" See also *People v. Guthrie* (1978), 60 Ill. App. 3d 293, 376 N.E.2d 425 (prior involuntary manslaughter conviction related to credibility).

The court in *People v. Siebert* (1979), 72 Ill. App. 3d 895, 390 N.E.2d 1322, flatly rejected this reasoning, however, and apparently required a prior conviction, even for a felony offense, to bear a direct relationship to the honesty of the witness.

We think the rule announced in *Siebert* is not only contrary to the majority of Illinois case law, but also contrary to a reasonable reading of *Montgomery* and Rule 609. By admitting all prior convictions for crimes bearing punishment by death or imprisonment in excess of one year, the rule has presumed that such crimes are probative of the witness' credibility. In the case at bar, the defendant's prior conviction for rape was a serious felony probative of the defendant's credibility.

Next, we note that while the defendant was convicted in 1973, he was released from the custody of the Department of Corrections in August, 1979. According to *Montgomery*, we use the more recent date to determine the recency of the conviction. Recency is relevant because as time passes, the probative value of the conviction decreases. (But *cf. People v. Siebert* (1979), 72 Ill. App. 3d 895, 390 N.E.2d 1322, where the court apparently required some remoteness to dissipate a prior conviction's prejudicial taint.) In the instant case, the probative value of the defendant's rape conviction clearly remains unattenuated since only 13 months had passed from his release to his arrest for rape, aggravated battery, and home invasion. Similarly, the record indicates no special circumstances at the time of the 1973 conviction to mitigate its probative value. Nor does the record indicate any rehabilitation in the defendant's veracity as suggested by his subsequent career.

Also, while the need for the defendant's testimony was relatively great because he could produce no other witnesses to establish his defense, his credibility was of the utmost importance to the jury's search for the truth in light of his denial of the victim's accusations. Exclusion of a prior conviction could have deprived the State of using the only effective means of questioning his credibility. Further, the defendant cannot complain that he was intimidated by the prospect of his possible impeachment because he did take the witness stand. See *People v. Belvedere* (1979), 72 Ill. App. 3d 998, 390 N.E.2d 1239.

Finally we face the issue of whether the prejudicial effect of the court's admission of a prior conviction identical to the instant crime substantially outweighed the conviction's probative value. Clearly, courts should be particularly wary of admitting similar prior convictions because

they tend to suggest not only that the defendant had general propensity to commit crimes, but that his propensity runs toward the crime charged at present. (See *United States v. Puco* (2d Cir. 1971), 453 F.2d 539; *Gordon v. United States* (D.C. Cir. 1967), 383 F.2d 936, *cert. denied* (1968), 390 U.S. 1029, 20 L. Ed. 2d 287, 88 S. Ct. 1421; *People v. Siebert* (1979), 72 Ill. App. 3d 895, 390 N.E.2d 1322.) On the other hand, the law in Illinois is well established that similarity alone does not demand exclusion. *People v. Spates* (1979), 77 Ill. 2d 193, 395 N.E.2d 563; *People v. Martinez* (1978), 62 Ill. App. 3d 7, 377 N.E.2d 1222; *People v. Dee* (1975), 26 Ill. App. 3d 691, 325 N.E.2d 336.

■■ Given the weight of the other factors pointing toward admission, we find that, although the prior crime was similar and thus prejudicial, the defendant has not established that the prior conviction's prejudicial effect substantially outweighed its probative value. The conviction's probative value, which remained relevant because of its recency, was left undiminished by any mitigating circumstances or by the defendant's subsequent career. Moreover, by taking the witness stand and denying the victim's accusations, he squarely placed his credibility in issue. The only apparent means available to the State to question the defendant's credibility was his prior conviction, however. For us to hold that the court erred in admitting the 1973 rape conviction would strike an undesirable balance in favor of the defendant at the expense of the jury's duty to ascertain the truth and dispose of the charges accordingly.

■■ The defendant's second issue presented for review is whether the court erred in denying his motion in arrest of judgment as to the home invasion charge because the indictment failed to allege that the defendant acted "without authority." To bring a proper charge of a criminal offense, the State must allege the nature and elements of the crime in the charging instrument. (Ill. Rev. Stat. 1979, ch. 38, par. 111—3(3).) This requirement is mandatory and not directory. (*People v. Deal* (1979), 69 Ill. App. 3d 74, 387 N.E.2d 21.) If the charging instrument fails to set forth the elements of the offense, then a motion in arrest of judgment, if made, must be granted by the trial court. (*People v. Lutz* (1978), 73 Ill. 2d 204, 383 N.E.2d 171.) Section 116—2(b) of the Illinois Code of Criminal Procedure proves that when a motion in arrest of judgment is made:

"(b) The court shall grant the motion when:

(1) the indictment, information or complaint does not charge an offense, or

(2) the court is without jurisdiction of the cause." Ill. Rev. Stat. 1979, ch. 38, par. 116—2(b).

The defendant was charged by indictment, alleging in part that "he * * * did knowingly enter the dwelling of Bonnie J. Fiers, located at 1807 S. Idaho, Peoria, Illinois, knowing Bonnie J. Fiers to be present within that

dwelling and intentionally caused injury to [her] in that he struck [her] in the jaw with his fist and grabbed her by the hair with his hands, in violation of Ill. Rev. Stat. ch. 38, par. 12—11." That section reads:

"(a) A person who is not a peace officer acting in the line of duty commits home invasion when without authority he or she knowingly enters the dwelling place of another when he or she knows or has reason to know that one or more persons is present and

(1) While armed with a dangerous weapon uses force or threatens the imminent use of force upon any person or persons within such dwelling place whether or not injury occurs, or

(2) Intentionally causes any injury to any person or persons within such dwelling place." Ill. Rev. Stat. 1979, ch. 38, par. 12—11(a).

Following the jury's return of the guilty verdict, the defendant filed a motion in arrest of judgment. The motion, which repeated the statutory grounds found in section 116—2(b) but failed to include the specific allegation that the indictment failed to include the words "without authority," was denied.

■■ The denial constituted error by the trial court. In *People v. Pettus* (1980), 84 Ill. App. 3d 390, 405 N.E.2d 489, the court examined an identical omission in an indictment charging the defendant with home invasion. The court concluded, and we agree, that the words "without authority" are a fundamental element of the offense of home invasion. The recently enacted offense attempts to make criminal certain well-defined conduct: an unauthorized entry of a dwelling for the purpose of threatening or using force. Without charging that the entry was made without authority, the status of the intruder is unclear. As such, the offense would become some form of aggravated assault or battery. Because this defect is fatal to the charge, the defendant need not demonstrate that the defect prevented him from understanding the nature of the charge and preparing a defense thereto, as the State alleges. See *People v. Lutz* (1978), 73 Ill. 2d 204, 383 N.E.2d 171.

■■ Nor do we find persuasive the State's argument that, because the defendant's motion was unspecific in its allegations, he has waived the issue for the purpose of appeal. A motion in arrest of judgment opens the entire record and reaches any defect apparent upon its face. (*People v. Lutz* (1978), 73 Ill. 2d 204, 383 N.E.2d 171; *People v. Gilmore* (1976), 63 Ill. 2d 23, 344 N.E.2d 456.) The failure to include the essential element "without authority" is not a technical nicety, but a facial defect subject to the trial court's scrutiny upon filing the motion. Accordingly, no waiver occurred.

We reverse the defendant's conviction for home invasion and remand this cause for a new sentencing disposition because we are uncertain the

456

basis of which the conviction for home invasion had upon the trial court's sentencing determination. *People v. Davis* (1981), 95 Ill. App. 3d 161, 419 N.E.2d 682.

Affirmed in part; reversed in part; sentencing order vacated and cause remanded.

SCOTT, P. J., and STOUDER, J., concur.