THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff, v.
SELWYN PAGE *et al.*, Defendants-Appellees (The Department of Corrections, Intervenor-Appellant).

Fourth District    No. 4—86—0718

Opinion filed March 3, 1987.

Neil F. Hartigan, Attorney General, of Springfield (Roma Jones Stewart, Solicitor General, and Ann Plunkett-Sheldon, Assistant Attorney General, of Chicago, of counsel), for appellant.

No brief filed for appellees.

JUSTICE KNECHT delivered the opinion of the court:

This appeal stems from a ruling by the circuit court of Livingston County refusing to vacate its orders requiring the Illinois Department of Corrections (DOC) to allow defendants, Selwyn Page, Lawyer Pace, Selma Geder, and Christopher Robinson, physical access to the law library maintained by DOC for inmates. DOC has appealed but no briefs were filed by defendants. As the record is simple and the claimed error can be decided without the aid of a brief by defendants, we can decide the appeal. (*First Capital Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.) We reverse.

On April 19, 1986, defendants were indicted for crimes committed while incarcerated at the Pontiac Correctional Center operated by DOC. Defendants were later arraigned, and the public defender was appointed to represent them despite misgivings expressed by some of the defendants.

At the time of the indictments and after, all four defendants were held in segregation units as the result of disciplinary action taken by DOC. Segregation inmates, pursuant to DOC policy, were not allowed physical access to the library but were provided with library services through visits from inmate law clerks. After the appointment of the public defender, defendants all moved for physical access to the prison law library. DOC was not a party to the criminal proceedings and did not receive notice of the motions.

The trial judge ordered DOC to provide physical access to the library for each defendant twice each month with each library visit to last two hours. When DOC learned of the court's orders, it moved to vacate them. DOC argued it was too difficult to comply with the court's orders because, pursuant to its own internal policies, it would have to clear the library of all other inmates for use by a segregation inmate and the segregation inmate would need to be accompanied by three security officers at all times. Further, DOC argued the defendants were represented by counsel and did not need to prepare their

own defense nor did they have a constitutional right to do so.

The trial court denied DOC's motions to vacate. The trial court was concerned the defendants' dissatisfaction with the public defender might prompt them to waive their right to counsel as late as the trial date and decide to defend themselves. If this occurred, the court did not want a delay in the trial and, thus, wanted the defendants prepared to proceed *pro se*. Further, the court found the defendants had a constitutional right to library access and the logistics were not so difficult that DOC could not work them out.

■ The trial court's orders were well intentioned and founded on practical considerations, but they were not constitutionally mandated. While access to the courts for prisoners *is* constitutionally mandated (*Bounds v. Smith* (1977), 430 U.S. 817, 52 L. Ed. 2d 71, 97 S. Ct. 1491), such access may be provided by either access to "adequate law libraries or adequate assistance from persons trained in the law." (430 U.S. 817, 828, 52 L. Ed. 72, 83, 97 S. Ct. 1491, 1498.) Here, the mandate was satisfied by the appointment of counsel to represent each defendant.

■■ There is no right, whether by Federal or State constitution, State statute or by common law, to combine representation *pro se* and by counsel (*People v. Guthrie* (1978), 60 Ill. App. 3d 193, 376 N.E.2d 425.) Absent a constitutional consideration, the trial court should not have ordered DOC to provide these segregation inmates with physical access to a prison law library. Defendants were all represented by counsel and had indirect access to the law library through inmate law clerks. No special arrangements or court intervention was necessary in order to let them prepare to defend themselves.

For the foregoing reasons, the orders of the trial court are reversed.

Reversed.

SPITZ, P.J., and McCULLOUGH, J., concur.