THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. GENE A. PRYOR, Defendant-Appellant.

Second District   No. 2—87—1188

Opinion filed April 21, 1989.

G. Joseph Weller and Barbara R. Paschen, both of State Appellate Defender's Office, of Elgin, for appellant.

Gary V. Johnson, State's Attorney, of Geneva, and Richard E. Zulkey, of Zulkey, Pikarski & Gordon, Chartered, of Chicago (William L. Browers, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McLAREN delivered the opinion of the court:

Defendant, Gene Pryor, appeals from his conviction on a charge of unlawful possession of cannabis.

Pryor was charged with unlawful possession of cannabis (Ill. Rev. Stat. 1985, ch. 56½, par. 704(d)). Prior to trial, defendant brought three motions *in limine*, two of which are pertinent to this appeal. One motion was a request to prevent testimony by a police officer about any statements made by a person who had been described in the police report as "a passing citizen." The defendant expected that the officer would testify that a passing citizen told him a black man was attempting to sell marijuana at the Jewel store. The court denied the defendant's motion, stating that the testimony would be appropriate to show the officer's state of mind in making the arrest.

Defendant's second motion sought to prevent the defendant's prior criminal conviction of possession of marijuana from being introduced into evidence for impeachment purposes. The court concluded that this prior conviction affects the credibility and veracity of the witness. Therefore, this motion was also denied.

Robert Hladik, an Aurora police officer, testified that on February 1, 1987, at approximately 5 p.m., he was patrolling the Northgate Shopping Center in Aurora. Hladik was in uniform and driving a marked squad car. He was flagged down by a passing citizen who said that a black male attempted to sell him marijuana. A defense objection to this statement was overruled. Hladik went on to testify that the citizen provided him with a detailed description of this man. Hladik saw a man who fit this description approximately 75 to 100 feet away walking back and forth in front of the Jewel store. Hladik followed the man in his patrol car and saw him enter a nearby Kinney Shoe Store. The man looked back over his shoulder at Hladik, opened his jacket, took an item out of his jacket and placed the item on the service counter. There were two other people near the service counter. Hladik entered the store. Hladik saw a plastic bag containing green plantlike material on the service counter. He stopped the man and attempted to search him. The man fled. Hladik attempted to catch the man but was unsuccessful.

Hladik testified that while observing the man in front of the Jewel store, he saw his face twice. He also testified that inside the Kinney Shoe Store, they were face to face when Hladik stopped him. Hladik

identified Gene Pryor as the man he attempted to stop that day.

Douglas Needham, also an Aurora policeman, testified that he had performed a leaf identification test on the package retrieved by Officer Hladik. As a result of this test, Needham concluded that the package contained 81.5 grams of cannabis.

Pryor testified that on February 1, 1987, he was living with his sister, Molly Moore. On that day he had not been in the Kinney Shoe Store or at the Jewel store. Pryor also testified that he had never seen Officer Hladik other than in court.

Three defense witnesses, Molly Moore, Tory Moore, and Larry Mosby, testified that on February 1, they were all at Molly Moore's home with Gene Pryor. Molly Moore testified that she prepared dinner while the others watched a football game on television. She served dinner at approximately 5 p.m., and Pryor, her brother, stayed to share the meal. Tory Moore testified that he, Larry Mosby, and Pryor watched the Pro Bowl on television. He also testified that the game may have started at 3 p.m., although he was not really sure.

The jury instructions were given, and the jury retired to deliberate. Sometime later, the court received three written questions from the jury. After argument by the attorneys, and over objection of defense counsel, the court refused to specifically answer the inquiries and replied, "Your verdict must be based upon the evidence presented and on the instructions previously received." The court also declined to provide the jury with a transcript of the officer's testimony. The court brought the jury into the courtroom and inquired of the foreman whether there was a reasonable probability that, if they continued their deliberations, they might arrive at a verdict. The foreman answered no. The judge then polled the entire jury, asking the same question. There were six affirmative responses, and six negative responses. The court then sent them back for further deliberation. The jury returned a guilty verdict.

A motion for a new trial was heard and denied on December 3, 1987. Defendant appeals from that decision of the trial court.

■ The first issue that we address is whether the trial court abused its discretion in admitting into evidence defendant's prior conviction of possession of marijuana. In Illinois, evidence of a prior conviction may be introduced if the prior conviction is of a crime punishable by imprisonment in excess of one year and less than 10 years have passed since the conviction or the witness' release from confinement. (*People v. Montgomery* (1971), 47 Ill. 2d 510, 515; *People v. Powell* (1985), 139 Ill. App. 3d 701, 707; *People v. Medreno* (1981), 99 Ill. App. 3d 449, 451.) Once it is established that the prior conviction

falls within the class of convictions outlined above, the court must weigh the prejudicial effect of admitting evidence of the prior conviction against its probative value. (*Montgomery*, 47 Ill. 2d at 517; *Powell*, 139 Ill. App. 3d at 707; *People v. Evans* (1981), 92 Ill. App. 3d 874, 878; *Medreno*, 99 Ill. App. 3d at 451.) The trial court is to exercise its discretion in admitting evidence of a prior conviction for the purpose of impeaching the witness' credibility. (*Montgomery*, 47 Ill. 2d at 515; *Powell*, 139 Ill. App. 3d at 707; *People v. Warfel* (1979), 67 Ill. App. 3d 620, 624.) The trial court is given wide latitude in exercising this discretion. *People v. Graves* (1986), 142 Ill. App. 3d 885, 897; *Powell*, 139 Ill. App. 3d at 708; *Evans*, 92 Ill. App. 3d at 878; *People v. Martinez* (1978), 62 Ill. App. 3d 7, 15.

In the case at bar, Pryor's prior conviction was for the possession of cannabis. (Ill. Rev. Stat. 1985, ch. 56½, par. 704(d).) This offense is punishable by imprisonment in excess of one year. The prior conviction occurred within one year of the charge in the instant case. Therefore, the prior conviction falls within the class of convictions that may be admitted for the purpose of impeaching the witness' credibility.

■ Pryor argues that the prior conviction of possession of cannabis bears no relationship to truth and veracity and, therefore, has no probative value in establishing his lack of credibility. This argument was specifically addressed and rejected in *People v. Nelson* (1975), 31 Ill. App. 3d 934. In *Nelson*, the defendant had been previously convicted of possession of heroin. The defendant argued, as does defendant here, that a conviction of drug possession does not reflect on his credibility. The court disagreed, stating:

> "The offense of possession of heroin does indicate a disposition to place the advancement of individual self-interest ahead of principle or the interest of society, and such proof may suggest a willingness to do so again on the witness stand." (*Nelson*, 31 Ill. App. 3d at 938.)

(See also *Graves*, 142 Ill. App. 3d at 897 (prior conviction of aggravated battery four years prior extremely probative of credibility); *Powell*, 139 Ill. App. 3d at 707 (prior conviction for Class I felony, deviate sexual assault, is veracity-related crime and conviction thereof is probative of defendant's credibility); *Evans*, 92 Ill. App. 3d at 877 (prior conviction of voluntary manslaughter admissible and is presumed to relate to testimonial deceit); *People v. Guthrie* (1978), 60 Ill. App. 3d 293, 298 (prior conviction of involuntary manslaughter not completely lacking in probative value for impeachment purposes).) We adhere to the existing rule that prior convictions of a felony punishable by imprisonment in excess of one year are probative on the issue

of one's credibility.

Pryor also argues that since the prior conviction is of the same crime charged now, it is prejudicial and should not be admitted. The fact that the prior conviction and the present charge are similar does not prohibit the prior conviction from being admitted for impeachment purposes. (*Medreno*, 99 Ill. App. 3d at 454; *Evans*, 92 Ill. App. 3d at 878; *Martinez*, 62 Ill. App. 3d at 15.) We find that any prejudice that resulted from the similarity of the crimes involved was cured by the limiting instruction given by the trial court.

The second issue raised is whether it was reversible error for the trial court to admit the substance of a conversation between a police officer and an unidentified bypasser.

■ A police officer may testify that a conversation with an individual took place and then he acted thereon because such testimony is within the officer's personal knowledge and is competent to establish investigatory procedure. (*People v. White* (1985), 134 Ill. App. 3d 262, 282.) However, testimony that recounts the substance of a conversation is not within the officer's knowledge and is inadmissible hearsay. *People v. Spears* (1988), 169 Ill. App. 3d 470, 478, citing *White*, 134 Ill. App. 3d at 282.

In the case at bar, Officer Hladik testified that a passing citizen flagged him down and stated that a black male attempted to sell him marijuana. Officer Hladik also testified that the citizen informed him that the man was 5 feet 7 inches to 5 feet 8 inches in height, late 20s, and wearing a dark, waist-length nylon jacket. This testimony set forth the substance of the conversation and is, therefore, hearsay which should not have been admitted absent a limiting instruction.

■ However, the admission of hearsay evidence is harmless error where there is no reasonable probability that the defendant would have been acquitted had the hearsay evidence been excluded. (*White*, 134 Ill. App. 3d at 283, citing *People v. Griggs* (1982), 104 Ill. App. 3d 527, 531.) Where there is uncontroverted eyewitness testimony sufficient to sustain a conviction, there is no reasonable probability that the verdict would have been different had the hearsay been excluded. (*People v. Jones* (1983), 114 Ill. App. 3d 576, 589.) Officer Hladik provided uncontroverted eyewitness testimony that he saw the suspect place a bag on the counter. The officer was face to face with the suspect and identified the defendant as the man he saw. The content of the bag was later tested and determined to be cannabis. This evidence is sufficient to sustain the conviction. We find that the court erred in admitting the testimony recounting the substance of the conversation, but this error was harmless.

The final issue to be determined is whether the trial court improperly refused to answer the jury's questions.

■ If the jury asks a specific question on a point of law arising from facts over which there is doubt or confusion, the court should respond to the question in an attempt to clarify the confusion. (*People v. Reid* (1988), 174 Ill. App. 3d 1009, 1014; *People v. Flynn* (1988), 172 Ill. App. 3d 318, 323; *People v. Brouder* (1988), 168 Ill. App. 3d 938, 947; *People v. Morris* (1980), 81 Ill. App. 3d 288, 290.) However, the trial court may, in the exercise of its discretion, refrain from answering inquiries of the jury when the given instructions are readily understandable and sufficient to explain the relevant law (*People v. Palmer* (1982), 111 Ill. App. 3d 800, 807). A judge should not answer a jury's question if it calls for him to make conclusions based on his view of the evidence. *Flynn*, 172 Ill. App. 3d at 323.

■ In the case at bar, the jury communicated with the court on three occasions. On one occasion, the jury was simply informing the court that after reading the law and applying the evidence, it was having difficulty reaching a unanimous decision. A second inquiry from the jury requested a copy of the transcript of the officer's testimony. This request is not an issue in this appeal.

The jury also presented a note to the court which read as follows:

> "Can we take information or *lack of information* presented in the courtroom or not presented as evidence in making our decision re; [*sic*] arrest and surrounding circumstances. did [*sic*] the officer ever identify the defendent [*sic*] prior to trial?
>
> Are we to just take the evidence presented during the trial and disregard arrest circumstances.
>
> We are having a difficult time making a decision because some jurors feel that because two other witnesses were there and did not present themselves casts reasonably [*sic*] doubt on the current identity of the defendent [*sic*]." (Emphasis added.)

The first paragraph of this inquiry asks the court to comment on the evidence and facts of the case. This is not a request to clarify a point of law. Therefore, the court did not abuse its discretion in refusing to answer the question. The third paragraph is again simply a comment expressing their difficulty in reaching a unanimous decision. This comment is not at issue.

The second paragraph asks what evidence is to be considered. The jury was given the following instructions:

> "The evidence which you should consider consists only of the testimony of the witnesses and exhibits which the court has received.

"You should consider all the evidence in the light of your own observations and experience in life."
We find that the above instructions are readily understandable and sufficient to explain the relevant law. Therefore, we find that the trial court did not abuse its discretion in declining to respond to the jury's note.

For the reasons stated above, we affirm the decision of the circuit court of Kane County.

Affirmed.

UNVERZAGT, P.J., and DUNN, J., concur.