STATE of Iowa, Appellee,

v.

James Lloyd HOUGLAND, Appellant.

No. 54333.

Supreme Court of Iowa.

May 11, 1972.

The jury could find that the manager of the Hi-Ho Grill in Des Moines had closed his restaurant to the public at 7:30 p. m. December 16, 1969, and after locking its two doors vacated the premises about an hour later. The back door fit loosely and was secured from inside by a bolt mounted on the door which slid about one-sixteenth inch into a loose hasp on the door casing.

Also that shortly before 1:00 a. m. the next morning defendant and an accomplice entered the premises through the back door. They opened it by prying it toward its hinges, freeing the bolt. After they entered they locked the door behind them. During the stealing which followed defendant was seen from outside by a police officer who ordered him to stop and raise his hands. He started to run and was shot in a leg.

After apprehension the accomplice told an officer in defendant's hearing they had entered by "busting in" the back door. A tire iron which had not previously been on the premises was found lying on a kitchen counter. It matched pry marks on the back door and casing. An officer was able later to open the bolted door by grasping its handle and manually jerking it toward its hinges and inward.

■ "Breaking" means making an opening into a building by trespass and occurs when an intruder removes or puts aside some part of the structure relied on as an obstruction to intrusion. Opening an entrance door is a breaking. State v. Sorenson, 157 Iowa 534, 138 N.W. 411. The evidence was clearly sufficient for jury submission of this issue.

Affirmed.

All Justices concur.

---

Henry McKnight and Everett H. Albers, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., C. Joseph Coleman, Asst. Atty. Gen., and Michael Hansen, Asst. Polk County Atty., for appellee.

McCORMICK, Justice.

■ Defendant was convicted by jury of breaking and entering in violation of Code section 708.8 and was sentenced. His appeal solely challenges the sufficiency of evidence for jury submission of the element of "breaking". We affirm.

Since defendant was convicted by jury we accept as established for purposes of review all reasonable inferences supporting the verdict. The verdict stands unless unsupported by substantial evidence. State v. Jennings, 195 N.W.2d 351, 357 (Iowa).