THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* THOMAS L. THOMPSON, JR., Defendant-Appellant.—THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MICHAEL G. JOHNSON, Defendant-Appellant.

Fourth District   Nos. 4—83—0614, 4—83—0615 cons.

Opinion filed April 17, 1984.

Daniel D. Yuhas and John J. Hanlon, both of State Appellate Defender's Office, of Springfield, for appellants.

Basil G. Greanias, State's Attorney, of Decatur (Robert J. Biderman and Perry Lee Miller, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

PRESIDING JUSTICE MILLS delivered the opinion of the court:

Thompson and Johnson appeal their convictions of the crime of attempt home invasion and their sentences of four years each in the De-

partment of Corrections plus restitution in the amount of $500 each for attorney fees for services provided by the public defender.

Affirmed but remanded.

On March 23, 1983, Decatur police officers Pittenger and Harris observed defendants in the vicinity of the Albert Prado residence. Thompson was on the porch of the house, crouched down at doorknob level; Johnson was standing on the ground facing away from the house, his head turned back the other way. Both defendants had nylon stockings pulled over their heads and masks on their faces As Pittenger approached Thompson, he saw a butcher knife in his hand. Thompson quickly dropped the knife on the porch and put his hands against the door. Harris arrested Johnson in the yard and found a knife up the right sleeve of his coat. During a brief conversation following their arrests, Thompson said that the two had been out jogging, while Johnson said that they were involved in some kind of joke. No marks of attempted forced entry were found at the residence.

Just prior to their arrest, Richard Leihser had seen the two in an alleyway in Decatur. The two had gotten out of a car and then headed in different directions down an alley. At the time that they were observed, one individual was wearing a ski mask and the other was wearing a paint shop type mask. Leihser flagged down a nearby police car and gave the officer in the car a partial license plate number.

Albert Prado was unaware that anyone was at his home until he happened to look out the window and saw an officer arresting one of the defendants. Prado had known Thompson for about six years and had had Thompson over to his house as a social guest before.

The defendants did not testify and presented no evidence. Following closing arguments, both defendants were convicted of attempt home invasion and acquitted of attempt residential burglary. On August 5, 1983, both defendants were each sentenced to four years' imprisonment and both were ordered to pay $500 each in attorney fees.

On appeal, defendants raise three issues, two going to their trial and one going to the assessment of attorney fees. The first argument is that the evidence failed to show beyond a reasonable doubt that the defendants took a substantial step towards the commission of a home invasion and also that the evidence failed to establish any criminal intent on their part at the time of their arrest.

The law in Illinois is that each attempt case must be decided on its own facts. (*People v. Brown* (1979), 75 Ill. App. 3d 503, 394 N.E.2d 63.) The defendants' position here is that the evidence here failed to show a physical attempt to enter a structure which is necessitated in cases of this nature. However, in our view, the recent case

of *People v. Terrell* (1984), 99 Ill. 2d 427, 459 N.E.2d 1337, disposes of this issue. In *Terrell,* defendant was indicted for the offense of attempt armed robbery and unlawful use of a weapon. The charges arose from the following facts: On August 7, 1980, an anonymous telephone call was received by the Kankakee city police. The caller stated that two men, armed with guns, were hiding behind a local service station. Two patrol cars responded to the call. Upon arriving, one of the officers saw a man crouched in the weeds 20 to 30 feet from the gas station. As the officer got out of his car, the defendant, who was carrying a gun, jumped up from the weeds, ran towards the fence, climbed to the other side, and then ran down another street. Some 12 to 15 minutes after the initial contact, the second officer discovered the defendant hiding in the weeds behind a second company which was located nearby. The defendant had removed his shirt and was lying on it. A black nylon stocking with a knot at the end of it was found in his pocket. A second individual who had also fled the scene upon the approach of the police was subsequently arrested about 180 feet from the scene of the original confrontation.

The defendants in *Terrell* raised arguments similar to those raised here in that the State failed to establish, beyond a reasonable doubt, the requisite intent to commit a specific offense and the completion of a substantial step towards the commission of that offense. The supreme court rejected these arguments. In response to the substantial step argument, the court admitted that it would be impossible to compile a definitive list of acts which, if performed, would constitute a substantial step towards the commission of any crime. Rather, the determination can only be accomplished by evaluating the facts and circumstances of particular cases. The court noted that in the instant case the defendant was in possession of the materials necessary to carry out a contemplated crime and was near the place for its commission. Specifically, the defendants were in the possession of a loaded revolver, a disguise, and the assistance of an accomplice, whose presence and identical disguise indicated a prearranged plan. The defendants were lying only 25 to 30 feet from an apparent target with a gun in hand. Only the arrival of the police caused the defendants to abandon their plan. Similarly in the instant case defendants were found with knives on their persons and disguises in place at the scene of an apparent contemplated crime. In *Terrell,* the court noted that "[i]t should not be necessary to subject victims to face to face confrontation with a lethal weapon in order to make a positive finding of the essential element of a substantial step." *People v. Terrell* (1984), 99 Ill. 2d 427, 435, 459 N.E.2d 1337, 1341.

■ In our view, the *Terrell* case disposes of the case at hand. Since Johnson and Thompson were found near the scene of the crime with disguises in place, and possessed of weapons which could lead to the threatened use of force necessary to sustain a conviction for home invasion, the court was correct in finding that the necessary elements of a substantial step were proved beyond a reasonable doubt. No error.

■ A similar analysis also disposes of the defendants' contention that the State failed to prove their intent to commit a crime. Turning again to *Terrell*, the supreme court held that the intent to commit a criminal offense need not be expressed, but may be inferred from the conduct of the defendant and the surrounding circumstances. The court specifically noted that a jury can look at the circumstances in existence at the time of an arrest and infer the intent to commit a crime. In *Terrell*, the evidence revealed a defendant who had concealed himself in the weeds in close proximity to a service station while in possession of a stocking mask and a fully loaded revolver. The court also noted the defendant's efforts to elude the police as well as his weak excuse for his presence at the scene were also elements which could properly be considered by a jury. Under those circumstances, the court found it incredible that the defendant had any intent other than the armed robbery of the service station. Similarly, in the instant case, the defendants were found in close proximity to a residence (in fact, on the porch) where people were home, wearing nylon stockings over their faces and carrying knives. Under these circumstances, it would similarly be incredible to conclude that the defendants had any intent other than to enter the home with the weapons and to use them in threatening the victims, therefore supporting the crime of attempt home invasion. No error.

■ The second argument raised by defendants is that prosecutorial comment in closing argument deprived them of a fair trial. The offending comment was that the defendants could not explain the fact that they were standing on the porch with knives. Defendants urge that this be found error in that it is improper prosecutorial comment on the failure of defendants to present any evidence at trial. The State responds that the comment was simply a statement indicating that the State's case was uncontroverted, citing *People v. Norman* (1963), 28 Ill. 2d 77, 190 N.E.2d 819. The State's reliance upon *Norman* is well placed. Defendants made no attempt to explain their presence and in fact presented no evidence whatsoever on their behalf. Under these circumstances it was not error for the State to call attention to the fact that its case was uncontroverted. While the

wording of the comment was inartful, the wording does not raise the comment to reversible error. No error.

The final argument raised by defendants is that the procedure followed in the instant case in assessing fees for the defendants' representation by the public defender was improper under our decision in *People v. Bramlett* (1983), 118 Ill. App. 3d 1056, 455 N.E.2d 1092. The State agrees that there was error. Since the State has conceded error, we remand this case for redetermination of the proper award of attorney fees per our holding in *Bramlett.*

Convictions and sentences affirmed and remanded with directions.

Affirmed and remanded.

TRAPP and WEBBER, JJ., concur.