THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
ROBERT M. GOVIN, JR., Defendant-Appellant.

Fourth District   No. 4—90—0512

Opinion filed May 23, 1991.—Rehearing denied June 21, 1991.

Michael J. Costello, of Immel, Zelle, Ogren, McClain & Costello, of Springfield, for appellant.

Donald M. Cadagin, State's Attorney, of Springfield (Kenneth R. Boyle, Robert J. Biderman, and David E. Mannchen, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE GREEN delivered the opinion of the court:

After a trial by jury in the circuit court of Sangamon County, defendant was convicted on April 25, 1990, of the offense of controlled substance trafficking (Ill. Rev. Stat. 1987, ch. 56½, par. 1401.1(a)). On June 22, 1990, the court sentenced him to 12 years' imprisonment and 3 years' mandatory supervised release. On appeal, defendant contends (1) the proof did not support the conviction; (2) he was not subject to trial in Illinois; (3) the statute under which he was charged was void for vagueness; and (4) the court erred (a) in not conducting an evidentiary hearing on a motion to suppress, (b) rulings on closing argument, (c) rulings on instructions, (d) allowing replay of tapes before the jury, and (e) sentencing. We affirm.

At times pertinent, section 401.1(a) of the Illinois Controlled Substance Act (Act), of which defendant was convicted, provided:

> "(a) Except for purposes as authorized by this Act, any person who knowingly brings or *causes to be brought into this State* for the purpose of manufacture or delivery or with the intent to manufacture or deliver a controlled or counterfeit substance is guilty of controlled substance trafficking." (Emphasis added.) Ill. Rev. Stat. 1987, ch. 56½, par. 1401.1(a).

We consider first the sufficiency of the proof of guilt because, if that failed, we would reverse without remandment. In making that determination on review, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Emphasis in original.) *Jackson v. Virginia* (1979), 443 U.S. 307, 319, 61 L. Ed. 2d 560, 573, 99 S. Ct. 2781, 2789; *People v. Collins* (1985), 106 Ill. 2d 237, 478 N.E.2d 267.

The State maintains it proved beyond a reasonable doubt that defendant was guilty of the offense charged because he was accountable for the conduct of Steve Kaplan, who caused the delivery of cocaine into the State of Illinois with the purpose it be delivered. A person is legally accountable for the conduct of another when:

> "(c) Either before or during the commission of an offense, and with the intent to promote or facilitate such commission, he solicits, aids, abets, agrees or attempts to aid, such other

person in the planning or commission of the offense. However, a person is not so accountable, unless the statute defining the offense provides otherwise, if:

* * *

(3) Before the commission of the offense, he terminates his effort to promote or facilitate such commission, and does one of the following: wholly deprives his prior efforts of effectiveness in such commission, or gives timely warning to the proper law enforcement authorities, or otherwise makes proper effort to prevent the commission of the offense."

Ill. Rev. Stat. 1987, ch. 38, par. 5—2.

To establish criminal guilt by accountability, the State must prove beyond a reasonable doubt:

"[T]hat the accused solicited, aided, abetted, agreed or attempted to aid another person in the planning or commission of the offense, that such participation occurred either before or during the perpetration of the crime, and that this participation was with the concurrent, specific intent to promote or facilitate the commission of the offense." *People v. Grice* (1980), 87 Ill. App. 3d 718, 724-25, 410 N.E.2d 209, 215.

See *People v. Scherzer* (1989), 179 Ill. App. 3d 624, 639, 534 N.E.2d 1043, 1054; *People v. Totah* (1989), 192 Ill. App. 3d 239, 250, 548 N.E.2d 678, 685.

■ The evidence of a chain of events which ties defendant to the offense with which he was charged begins with authorized tapes of conversations during telephone calls which Mark Rowan, a State informer, had initiated from Illinois to defendant in Florida during November 1988. Rowan testified he had been buying cocaine from defendant for years and all those substances so purchased had been sent to Joseph Liberman in Springfield, Illinois. In the telephone conversations, Rowan indicated he wished to engage in a substantial narcotics transaction, but defendant indicated he was quitting doing that and moving to Washington, D.C., but he would talk to a person who might help Rowan and see if he could give that person's telephone number to Rowan. The tapes of those telephone conversations indicated Rowan and defendant agreed that defendant's compensation for his help would be the forgiveness of a $100 debt, which Rowan contended defendant owed for some shortages in a previous illegal transaction.

Steve Kaplan testified for the State that of 12 years prior to November 1988, he had known defendant and, in the past, he sold defendant marijuana and cocaine when defendant would phone and

say he had a customer wishing to purchase one of those substances. Kaplan further testified defendant had telephoned him in late November 1988, stating he was moving to Washington, D.C., and wanted Kaplan's permission to give Kaplan's phone number to a friend who wanted to buy cocaine. Kaplan also testified that later Rowan telephoned him and, as a result of an agreement reached in that phone call, Kaplan shipped one ounce of cocaine to Springfield, Illinois, during the second or third week of December 1988. Both Kaplan and Rowan had narcotics charges pending against them. Rowan had agreed to act as an informer for the State and to help the State, and he initiated the phone calls to defendant and Kaplan. Both Rowan and Kaplan testified they had been given no promises by the State. Kaplan was not an informer and acted without knowing of Rowan's relationship with law enforcement.

Thus, substantial evidence was presented that for unauthorized purposes Kaplan caused cocaine to be brought into Illinois for the purpose of delivery within the meaning of section 401.1(a) of the Act. Substantial evidence also indicated that before the commission by Kaplan of that offense, with the intent to facilitate that offense, defendant aided Kaplan in the planning of the offense by giving Kaplan's phone number to Rowan and did nothing to deprive the effectiveness of his prior efforts in the commission of the offense. That evidence also indicated defendant otherwise made no proper effort to prevent the commission of the offense.

Without objection by the State, the circuit court instructed the jury as to the defense of entrapment. However, a reasonable jury could clearly determine beyond a reasonable doubt that defendant was not entrapped. The tape of the conversations between defendant and the informer, Rowan, indicated Rowan made entreaties to defendant for his help but even 20 such requests by an informer do not require a trier of fact to find the entrapment defense not negated. (*People v. Foreman* (1987), 153 Ill. App. 3d 346, 505 N.E.2d 731.) Nor would such a finding be required by any appeals to their friendship which Rowan may have impliedly made. (*People v. Washington* (1967), 81 Ill. App. 2d 162, 225 N.E.2d 673.) The evidence strongly showed a predisposition on the part of defendant to commit the offense by accountability. (*People v. Schillaci* (1988), 171 Ill. App. 3d 510, 526 N.E.2d 871.) Any reluctance shown by defendant concerned getting more directly involved than he did. Nothing in the tapes indicated that any coaxing was required to get defendant to make arrangements with Kaplan for Rowan to phone him.

A reasonable trier of fact could conclude the evidence proved beyond a reasonable doubt that defendant, without being entrapped, was accountable for a violation by Kaplan of section 401.1(a) of the Act. *Jackson*, 443 U.S. 307, 61 L. Ed. 2d 560, 99 S. Ct. 2781; *Collins*, 106 Ill. 2d 237, 478 N.E.2d 269.

Defendant maintains he cannot be prosecuted in Illinois because any offense he may have committed occurred outside this State; he never came to Illinois and never sent drugs there. Defendant's argument is countered by the broad scope of section 1—5 of the Criminal Code of 1961 (Code), which states, in part:

"(a) A person is subject to prosecution in this State for an offense which he commits, while either within or outside the State, by his own conduct or that of another for which he is legally accountable, if:

(1) The offense is committed either wholly or partly within the State; or

(2) The conduct outside the State constitutes an attempt to commit an offense within the State; or

(3) The conduct outside the State constitutes a conspiracy to commit an offense within the State, and an act in furtherance of the conspiracy occurs in the State; or
    \*\*\*

(b) An offense is committed partly within this State, if either the conduct which is an element of the offense, or the result which is such an element, occurs within the State." Ill. Rev. Stat. 1987, ch. 38, par. 1—5.

In *People v. Caruso* (1987), 119 Ill. 2d 376, 519 N.E.2d 440, the supreme court held that an accused was properly charged in Illinois with the offense of child abduction (Ill. Rev. Stat., 1984 Supp., ch. 38, par. 10—5(b)(1)) upon allegations he detained his daughters in Ohio in violation of a custody order of an Illinois court in a divorce proceeding. The supreme court stated:

"The purpose of section 1—5 is to establish a broad jurisdictional basis for the prosecution in Illinois of offenses involving persons, property, and public interests in the State \*\*\*. [Citation.] The provisions of section 1—5 are to be interpreted according to that purpose.

Section 1—5 reflects the holding of *Strassheim v. Daily* (1911), 221 U.S. 280, 55 L. Ed. 735, 31 S. Ct. 558, where the United States Supreme Court held:

'Acts done outside a jurisdiction, but intended to produce and producing detrimental effects within it, justify a State in

punishing the cause of the harm as if he had been present at the effect, if the State should succeed in getting him within its power.' *Strassheim*, 221 U.S. at 285, 55 L. Ed. at 738, 31 S. Ct. at 560."

*Caruso*, 119 Ill. 2d at 382, 519 N.E.2d at 442.

Here, evidence indicated that defendant, acting in Florida with the intent that cocaine be delivered in Illinois, aided and abetted a transaction by which cocaine was caused to be delivered in Illinois. The charges against defendant were properly brought in Illinois.

■ The defendant next argues the controlled substance trafficking statute is unconstitutionally vague and impermissibly broad in scope. The defendant contends the phrase "causes to be brought into this State" is vague and "lacking in the appropriate definiteness and violates due process of law protections found in the Fifth and Fourteenth Amendments to the United States Constitution." He claims the phrase is so vague, he could not have known his conduct would violate the statute. He maintains he did not cause the drug transaction between Rowan and Kaplan, but was merely a conduit. He claims he lacked intent to participate in a criminal act. We disagree.

> "In construing a statute, it is of course fundamental that a court is to 'ascertain and give effect to the legislative intent.' [Citations.] *** Although penal statutes are to be strictly construed in favor of the accused, they must not be so rigidly construed as to defeat the intent of the legislature. [Citations.] On the contrary, statutes are presumed constitutional, and '[i]t is our duty to construe acts of the legislature so as to affirm their constitutionality and validity, if it can reasonably be done, and further if their construction is doubtful, the doubt will be decided in favor of the validity of the law challenged.' *People v. Bales* (1985), 108 Ill. 2d 182, 188, quoting *Continental Illinois National Bank & Trust Co. v. Illinois State Toll Highway Com.* (1969), 42 Ill. 2d 385, 389." *People v. Haywood* (1987), 118 Ill. 2d 263, 270-71, 515 N.E.2d 45, 49..

See also *United States v. National Dairy Products Corp.* (1963), 372 U.S. 29, 32-33, 9 L. Ed. 2d 561, 565-66, 83 S. Ct. 594, 597-98.

A statute is unconstitutionally vague "when 'men of common intelligence must necessarily guess at its meaning.' (*Broadrick v. Oklahoma* (1973), 413 U.S. 601, 607, 37 L. Ed. 2d 830, 837, 93 S. Ct. 2908, 2913, quoting *Connally v. General Construction Co.* (1926), 269 U.S. 385, 391, 70 L. Ed. 322, 328, 46 S. Ct. 126, 127.)" (*People ex rel. Difanis v. Barr* (1980), 83 Ill. 2d 191, 205, 414 N.E.2d 731, 737; see also *Scott v. Association for Childbirth at Home, International*

(1981), 88 Ill. 2d 279, 285, 430 N.E.2d 1012, 1015.) "Void for vagueness simply means that criminal responsibility should not attach where one could not reasonably understand that his contemplated conduct is proscribed." (*National Dairy Products Corp.*, 372 U.S. at 32-33, 9 L. Ed. 2d at 565, 83 S. Ct. at 598.) A conviction under a criminal statute which does not provide adequate notice that the conduct charged is prohibited is violative of due process. *Wright v. Georgia* (1963), 373 U.S. 284, 293, 10 L. Ed. 2d 349, 356, 83 S. Ct. 1240, 1246; see also *People v. Wawczak* (1985), 109 Ill. 2d 244, 249, 486 N.E.2d 911, 913.

■ The phrase "causes to be brought into the State" is not unconstitutionally vague. The word "cause" is a common word, easily understood. The statute indicates to any reasonable person that anyone who knowingly participates in a drug transaction as a result of which controlled substances are brought into this State for purposes of manufacture or delivery will be guilty of a criminal offense. The unrebutted evidence indicated the defendant was an experienced drug dealer. He knew Rowan was in Illinois and sought to purchase cocaine for buyers in Illinois. The defendant's role as a conduit was an essential link in the chain of events which culminated in the delivery of one ounce of cocaine to Rowan in Springfield, Illinois.

The mental state of the defendant required for his conviction on a theory of accountability was that he aided the commission of the offense described in section 401.1(a) of the Act with the intent the offense be committed. The evidence fully supported a determination by the jury that defendant intended that by lining Rowan up with Kaplan, cocaine would be caused to be delivered in Illinois.

■ Defendant's contention that the trial court erred in denying him an evidentiary hearing on a motion to suppress refers to that court's denial of an evidentiary hearing on defendant's motion to suppress the tapes of the previously described telephone conversations with defendant. He relies upon *Franks v. Delaware* (1978), 438 U.S. 154, 57 L. Ed. 2d 667, 98 S. Ct. 2674, where the court held that under certain circumstances where an accused makes a "substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth was included by the affiant in the warrant affidavit" and the statement was necessary for a finding of probable cause, the accused is entitled to an evidentiary hearing and a voiding of the warrant if the preliminary showing is established by a preponderance of the evidence. *Franks*, 438 U.S. at 155-56, 57 L. Ed. 2d at 672, 98 S. Ct. at 2674.

We need not decide whether the requirements of *Franks* are applicable to motions to suppress tapes of wiretaps, as here authorized pursuant to article 108A of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1987, ch. 38, par. 108A—1 *et seq.*). As pointed out by the circuit court, the record here shows defendant's motion failed to state with particularity the portion of the affidavit supporting the wiretap request which was false and defendant failed to support the motion with an offer of proof as to evidence which would indicate falsity. (*Franks*, 438 U.S. at 171, 57 L. Ed. 2d at 682, 89 S. Ct. at 2684; *People v. Eyler* (1989), 133 Ill. 2d 173, 201, 549 N.E.2d 268, 280.) The circuit court properly denied the requested evidentiary hearing.

Defendant asserts that the trial court erred in denying a mistrial after the prosecutor, in closing argument, stated: "Mr. Govin cannot say that he did not know that the cocaine was intended to be delivered into Illinois, Rowan told him that in the very first conversation they had about the subject on November 23 of 1988." Defense counsel immediately objected, approached the bench, and moved for a mistrial on the basis that the prosecutor violated defendant's fifth amendment rights by commenting on the defendant's failure to testify. The prosecutor stated the comment was made to show the defendant knew the cocaine was going to Illinois, not to reflect on the defendant's failure to testify. The court stated:

"Alright, I think the context in which the comment was made would naturally run to the Defendant's argument at this time, and I don't think it would be construed as a comment on his failure to testify, so your Motion for Mistrial will be denied. If you want me to give a cautionary instruction right now to the jury, I will; if you don't t[,] I won't."

Defense counsel stated he did not want a cautionary instruction.

"In determining whether improper comment has been made on a defendant's failure to take the witness stand and testify, a court will consider whether ' "the reference [was] intended or calculated to direct the attention of the jury to the defendant's neglect to avail himself of his legal right to testify".' (*Dixon*, 91 Ill. 2d at 350, quoting *People v. Hopkins* (1972), 52 Ill. 2d 1, 6; see also *People v. Morgan* (1986), 112 Ill. 2d 111, 133-34.) In making that determination, a reviewing court should examine the challenged comments in the context of the entire proceeding. *United States v. Robinson* (1988), 485 U.S. 25, 32, 99 L. Ed. 2d 23, 31, 108 S. Ct. 864, 869; *Hopkins*, 52 Ill. 2d at 6." *People v. Arman* (1989), 131 Ill. 2d 115, 125-26, 545 N.E.2d 658, 663-64.

■ The trial court is in a better position to determine the prejudicial effect of a remark made during argument and, unless the court clearly abused its discretion, the ruling regarding the remark should be upheld on review. (*People v. Holloway* (1983), 119 Ill. App. 3d 1014, 1021-22, 457 N.E.2d 466, 472.) A prosecutor may comment on the uncontroverted nature of the evidence. (*People v. Smith* (1988), 165 Ill. App. 3d 905, 913, 520 N.E.2d 841, 845; *People v. Saldana* (1986), 146 Ill. App. 3d 328, 337, 496 N.E.2d 757, 765; *People v. Thompson* (1984), 123 Ill. App. 3d 523, 462 N.E.2d 1268.) The prosecutor's comment in this case was a comment on the uncontroverted evidence; it was not a comment on the defendant's failure to testify in his own behalf, which would violate defendant's constitutional rights.

■ Defendant's complaint concerning the trial court's ruling on instructions concerns the court's refusal of various instructions tendered by defendant concerning (1) impeachment of Rowan and Kaplan because they could receive benefits from the prosecution, and (2) accountability. None of these instructions were contained in Illinois Pattern Instructions in criminal cases (IPI-Criminal) and, in every case, the subject was covered by IPI-Criminal instructions. The jury was aware from the evidence of the fact that Rowan and Kaplan could receive favors from the State in regard to their pending charges. The jury was instructed that in weighing the testimony of witnesses, the jury should consider the witnesses' interest and bias. The jury was also instructed by IPI-Criminal as to the elements of accountability. The court did not abuse its discretion in the rulings on these instructions.

> "It is fundamental that an accused, like the State, is entitled to the submission of appropriate jury instructions on the law applicable to the theory of defense if there was evidence introduced at trial in support of that theory [citations], but it is the trial court which determines, after consideration of the facts and the governing law, whether the jury should be instructed on a particular subject and, then, whether the Illinois Pattern Instructions in Criminal Cases (IPI-Criminal) contains an instruction which accurately states the law on that subject. (107 Ill. 2d R. 451(a).) If there is an appropriate IPI instruction, it must be used. (107 Ill. 2d R. 451(a).) However, the decision to give or refuse a non-IPI instruction is a matter within the sound discretion of the trial court. [Citations.] An abuse of discretion in the refusal of such instruction occurs only where there is no IPI instruction applicable to the subject on which the jury should have been instructed (107 Ill. 2d R. 451(a); *Peo-*

*ple v. Stamps* (1982), 108 Ill. App. 3d 280, 438 N.E.2d 1282), and the jury was, therefore, left to deliberate without proper instructions [citation]. Conversely, refusal to give a non-IPI instruction does not constitute an abuse of discretion if there *is* an applicable IPI instruction and/or the essence of the refused instruction is covered by other given instructions." (Emphasis in original.) *People v. Thomas* (1988), 175 Ill. App. 3d 521, 528, 529 N.E.2d 1071, 1075.

■■ ■ During its deliberations, the jury sent the court a note which asked: "If it has to be an officer of the law doing the actual speaking to be considered entrapment, can it be someone else working with the police, e.g. was Rowan—was Rowan considered \*\*\* an agent of the police (per the definition of entrapment) \*\*\*." The defendant then requested the court instruct the jury that Rowan could be an agent of the police. The court refused to give the requested instruction and instead sent a note to the jury advising: "You have been given the law on this issue. It is for you to decide the facts and apply the law as it has already been defined to you." The court proceeded properly. Giving the instruction requested by the defendant would have been improper as that instruction contained a "conclusion" by the court "based on [the court's] view of the evidence." *People v. Pryor* (1989), 181 Ill. App. 3d 865, 871, 537 N.E.2d 1141, 1145.

During jury deliberations, the jury also requested a transcript of the tapes of the phone conversations between Rowan and the defendant. Over defense objection, the court had the tapes replayed before the jury in the courtroom. Each juror was also furnished with a transcript of the tapes which that juror could read while listening to the tapes. However, neither the tapes nor the transcript was taken back to the jury room when the jurors retired to deliberate further.

The trial court had discretion to allow or refuse the jury's request for a review of testimony. (*People v. Queen* (1974), 56 Ill. 2d 560, 565, 310 N.E.2d 166, 169; *People v. Olinger* (1986), 112 Ill. 2d 324, 349, 493 N.E.2d 579, 591.) In deciding whether to allow a requested review of testimony, the court "must start with the assumption that the *jury* feels it would be helpful. The court must then determine if there is a possible basis for the jury's belief. \*\*\* The trial court must also determine what harm the proposed review of testimony might do to the jury's deliberations." (Emphasis in original.) (*People v. Bell* (1976), 44 Ill. App. 3d 185, 194, 357 N.E.2d 1256, 1263; see also *People v. Rogers* (1982), 110 Ill. App. 3d 410, 415, 442 N.E.2d 529, 533.) Defendant contends he was prejudiced because replay of the tapes highlighted certain portions of the evidence. However, this evidence

was crucial not only to the State's theory of the case but also to defendant's theory that he was not accountable for the commission of the offense. The court did not breach its discretion in the procedures used.

We summarily dispose of defendant's final contention that the court erred in sentencing by imposing a sentence disparate to that of Liberman, Kaplan, and Rowan. The record presented by defendant to the trial court was insufficient for it to make a comparison between his sentence and those given Kaplan and Rowan. (*People v. Kline* (1982), 92 Ill. 2d 490, 509, 442 N.E.2d 154, 163.) Liberman's sentence was much greater than that given defendant. No error in sentencing occurred.

We affirm the conviction and sentence.

Affirmed.

LUND, P.J., and STEIGMANN, J., concur.