STATE of Iowa, Plaintiff–Appellee,

v.

Clayton HUSTEAD, Defendant–Appellant.

Nos. 94–456.

Court of Appeals of Iowa.

June 27, 1995.

Kermit Dunahoo of Dunahoo Law Firm, Des Moines, for appellant.

Thomas J. Miller, Attorney General, Martha E. Boesen and Thomas H. Miller, Assistant Attorneys General, and Robert L. Fulton, County Attorney, for appellee.

Heard by HAYDEN, P.J., and SACKETT and CADY, JJ.

CADY, Judge.

This is an appeal by Clayton Hustead from his convictions for burglary in the second degree and theft in the first degree. Hustead was charged and convicted as an aider and abettor. He presents three issues on appeal. Hustead challenges the court's jurisdiction over the offenses, sufficiency of the evidence, and denial of his motion for new trial based on the alteration of a trial exhibit. We affirm the convictions.

For a period of several years, beginning in 1988, Jerry Kleiss and two other individuals regularly burglarized farm sheds and businesses in southern Iowa. They would then sell the stolen merchandise and property to various individuals in Kansas and Missouri, including Clayton Hustead. Kleiss and his two companions were Iowa residents. Hustead resided in Missouri and operated an auctioneer business and a flea market.

There was testimony at trial that Kleiss and Hustead entered into an arrangement for Hustead to purchase the stolen property. The scheme required Kleiss to telephone Hustead in Missouri and ask him if he had any "tylenol." An affirmative response by Hustead was the signal that Hustead would buy the merchandise. Kleiss and the others would then burglarize a pre-arranged location and drive to Missouri to deliver the stolen property to Hustead. The arrangement between Kleiss and Hustead included an understanding of the general type of property Hustead desired. The property included batteries, John Deere toys, and welding and farm equipment.

Kleiss sold property to Hustead on numerous occasions, including February 20, 1990. The evidence at trial indicated that Kleiss placed a telephone call to Hustead on February 19, and then burglarized the McGahuey Implement Dealership in Leon, Iowa during the evening hours. Kleiss and the others removed John Deere toys, chain saws, weed eaters, farm equipment, and a copy machine from the dealership. They then drove to Missouri and delivered the items to an abandoned farm house as directed by Hustead.

The State and Hustead stipulated at trial to the telephone numbers of Hustead and Kleiss. The stipulation inadvertently transposed the last four digits of one of the numbers for Kleiss so that it read 319–524–6121. This stipulation was read to the jury at trial.

Prior to trial an agent of the State Division of Criminal Investigation prepared a proposed exhibit of the relevant telephone records, which included a key showing the telephone numbers of Kleiss and Hustead. As the agent was reviewing the proposed exhibit before trial, she noticed the typographical error on one of the numbers assigned to Kleiss. This number read 319–524–6121 instead of 319–524–2161. The key was then changed by the agent to show the correct telephone number. This was done without notifying counsel and before the proposed exhibit was offered into evidence. The proposed exhibit was subsequently admitted into evidence without objection. The agent testified that the suffix of Kleiss's phone number was 2161. Defense counsel discovered the discrepancy between the stipulation and the exhibit during closing argument, and subsequently moved for a new trial. The district court denied the motion.

## I. Sufficiency of Evidence

■ Defendant first argues that he cannot be convicted of aiding and abetting in the burglary and theft because there was insufficient evidence to show he planned or participated in the specific crimes or had any knowledge of the specific crimes prior to the time they were committed.

■ Aiding and abetting in a crime occurs when a person assents to or lends countenance and approval to another's criminal act either by active participation or by encouraging it in some manner prior to or at the time of its commission. *State v. Lott*, 255 N.W.2d 105, 107 (Iowa 1977). It is essential that the aider and abettor have knowledge of the perpetrator's criminal activity prior to its commission. *State v. Vesey*, 241 N.W.2d 888,

891 (Iowa 1976). An accused may not be convicted as a principal on the theory of aiding and abetting for conduct that only supports an accessory after the fact. *State v. Barnes,* 204 N.W.2d 827, 829 (Iowa 1972).

Knowledge of the crime may be shown by circumstantial evidence. *State v. Buttolph,* 204 N.W.2d 824, 825 (Iowa 1972). This evidence may include "presence, companionship, and conduct before and after the offense is committed." *Id.* The subsequent conduct, however, is relevant only as it shows the accused's prior encouragement or participation. *Barnes,* 204 N.W.2d at 828–29.

In reviewing the sufficiency of the evidence, we consider the record in a light most favorable to the state. *State v. Martin,* 341 N.W.2d 728, 729 (Iowa 1983). We draw all legitimate inferences and presumptions which may fairly and reasonably be deduced from the record. *State v. Bass,* 349 N.W.2d 498, 500 (Iowa 1984).

In this case, we believe the evidence supports the inference that Hustead knew Kleiss planned to burglarize some business or building and steal selected items. This is derived from the general scheme or arrangement between Hustead and Kleiss for Hustead to purchase merchandise from Kleiss, the frequency of the transactions, and telephone call made prior to the commission of the McGahuey Implement burglary and theft.

There was no evidence, however, that Hustead had knowledge Kleiss planned to burglarize the McGahuey Implement Dealership, or any other specific place. It is only reasonable to infer that Hustead had prior knowledge of the general activities of Kleiss. Thus, the precise question we confront is whether an aider and abettor must have knowledge of the specific crime committed by the perpetrator before a conviction can result.

The underlying precept of aiding and abetting is that the accessory be associated in some way with the venture, participates in it as something he or she wishes to bring about, and seeks to make it succeed by his or her actions. *Lott,* 255 N.W.2d at 108 (quoting *United States v. Peoni,* 100 F.2d 401, 402 (2nd Cir.1938)). The focus is on the "common purpose among two or more persons to commit a crime." *See State v. Horrell,* 260 Iowa 945, 948, 151 N.W.2d 526, 529 (Iowa 1967). Any participation in a general felonious plan will normally support a conviction as a principal. *Id; see State v. Kneedy,* 232 Iowa 21, 28, 3 N.W.2d 611, 615 (Iowa 1942). We also observe that an aider and abettor is not required to possess the intent to commit the crime, but is only required to have knowledge that the perpetrator possess the intent. *Lott,* 255 N.W.2d at 109. Thus, it generally follows that an aider and abettor is liable for any criminal act which in the ordinary course of events was the natural and probable consequence of the criminal act encouraged. 22 C.J.S. Criminal Law, § 138 at 172–73.

We think these principles support the conclusion that an aider and abettor is not required to have knowledge of the particular crime committed by the perpetrator. The important inquiry is whether the aider and abettor had knowledge that an act which is criminal was intended, and participated in some way with the intent to encourage the criminal act. *See People v. Croy,* 41 Cal.3d 1, 221 Cal.Rptr. 592, 597 n. 5, 710 P.2d 392, 398 n. 5 (1985); *see also State v. Ivy,* 119 Wis.2d 591, 350 N.W.2d 622, 627 (1984). Under this standard, we find sufficient evidence to support the conviction. The jury could have reasonably found that Hustead knew Kleiss intended to burglarize and steal, and that he encouraged Kleiss to do so by agreeing in advance to purchase the stolen goods.

We reject Hustead's further claim that there was insufficient corroboration of the accomplice testimony. *See* Iowa R.Crim.P. 20(3). There was ample corroborative evidence presented by the State, including the testimony of the implement dealer and the telephone records.

## II. Jurisdiction

Hustead next challenges the subject matter jurisdiction of the court. He claims all the elements of the underlying crimes took place in Iowa and any involvement attributed to him occurred in Missouri. We believe Iowa had jurisdiction.

The theory of jurisdiction to hear criminal cases is rooted in the common law and premised on the concept of territorialism. *State v. Smith*, 421 N.W.2d 315, 318 (Minn.1988). It focuses on the place where the crime was committed. *Id.* Our statutes, however, have broadened this core inquiry to allow the Iowa courts to assume jurisdiction when any element of the crime is committed within the borders of the state. Iowa Code § 803.1(2) (1993). Some portion of the crime must be committed within Iowa before the statute confers jurisdiction. *See* Iowa Code § 803.1(1)(a) (1993).

■ A person cannot aid and abet a crime without the commission of the crime by another person. *See* 21 Am.Jur.2d Criminal Law § 167 at 325–26. Thus, the commission of a crime by one person is essential to the conviction of another person as an aider and abettor. The commission of the underlying offense is in the nature of an element of the offense.

■ We have previously concluded that sufficient evidence supports a finding that Hustead aided and abetted in the burglary and theft. In particular, the record supports a finding that Hustead encouraged Kleiss to commit the crimes by arranging in advance to purchase the stolen property. In doing so, he participated in Kleiss' criminal activity by sharing and encouraging in the requisite criminal intent present at the time the crimes occurred in Iowa. *See People v. Govin*, 213 Ill.App.3d 928, 157 Ill.Dec. 381, 385, 572 N.E.2d 450, 454 (1991) (defendant aided and abetted in Illinois drug transaction by abetting in Florida with intent that cocaine be delivered in Illinois). The intent possessed by Kleiss at the time he committed the crimes was encouraged by Hustead's conduct and action. Actions which occur outside a state, but are intended to and do produce detrimental effects within the state, justify a state in punishing the cause of the harm. *Strassheim v. Daily*, 221 U.S. 280, 285, 31 S.Ct. 558, 560, 55 L.Ed. 735, 738 (1911). We conclude Iowa had jurisdiction over the action.

## III. Denial of New Trial

■ Hustead next claims the trial court abused its discretion in denying his motion for new trial based on alterations made to the exhibit containing the telephone records. Hustead acknowledged the alternation involved a scrivener's error, but claims a new trial is required to protect the integrity of the judicial system.

■ Trial courts have broad discretion in ruling on motions for new trial. *State v. LaDouceur*, 366 N.W.2d 174, 178 (Iowa 1985). Under this standard, we are unable to conclude the trial court abused its discretion. The scrivener's error should not have been corrected on the stipulated exhibit without notice to the parties, but no prejudice resulted to Hustead. The parties did not intend to stipulate to the scrivener's error, but the contents of the telephone records and the identity of the telephone numbers.

Hustead's right to a fair trial was not jeopardized and the integrity of the judicial system was not compromised. We also reject any claim of ineffective assistance of counsel for failing to raise the issue prior to submission of the case to the jury.

**AFFIRMED.**