# IN THE COURT OF APPEALS OF IOWA

No. 13-2014
Filed January 28, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**TROY LANE BRADEN,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Mahaska County, Dan F. Morrison,

Judge.

        A defendant appeals from the jury verdict, judgment, and sentence for

burglary in the third degree as an habitual offender.  **AFFIRMED.**

        Mark C. Smith, State Appellate Defender, and Bradley M. Bender,

Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, Heather R. Quick, Assistant Attorney

General, and Charles Stream, County Attorney, for appellee.

        Considered by Bower, P.J., McDonald, J., and Goodhue, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**GOODHUE, S.J.**

Troy Lane Braden appeals from the jury verdict, judgment, and sentence for burglary in the third degree as an habitual offender.

I.      **Background Facts and Proceedings.**

Ronald Reed owns a farm in Mahaska County. Several buildings, including a house, are located on the farm. Reed lives elsewhere, and the buildings are used to store some of Reed's personal property. Perry Middlesworth rents a pasture across the road from Reed's building site. Middlesworth testified that on June 12, 2013, he was checking the cows in the pasture when he noted a vehicle sitting on the side of the road in front of Reed's buildings. He observed an individual, later identified as Troy Lane Braden, coming out of the grader ditch carrying a basket full of unidentified objects. When questioned, Braden said that no one had been at this building for three to five years and he was "picking."

Middlesworth telephoned Reed and informed him of what he had observed. Braden began placing items from the trunk of his car back into the ditch and indicated to Middlesworth that he was leaving. There was a woman in the car who was instructing Braden on what to do. The woman seemed to be scared and tried to hide her face. Middlesworth told them not to leave, but they drove off. Middlesworth gave chase, but by that time, Reed had arrived and cut-off Braden's escape route.

Reed demanded to see what was in Braden's trunk. Braden opened the trunk, and Reed observed tools he owned and also observed items in the ditch that were his. Reed further testified that the items had been located in his

buildings, and no one had been given permission to remove them. Reed called 911, and Deputy Randy Poe came to the scene, but by that time, Braden had left. Poe observed a path of trampled grass leading from Reed's buildings to the ditch, where the items were found.

Braden was charged with burglary in the third degree, and after the jury verdict was entered, he acknowledged he had been previously convicted of two prior felonies and was accordingly sentenced as an habitual offender. At trial an aiding and abetting instruction had been given over Braden's objection. On appeal Braden asserts it was an error to give an aiding and abetting instruction, and further that his counsel was ineffective for reasons hereinafter set out.

## II. Submission of Instruction on Aiding and Abetting.

### A. Standard and Scope of Review.

Jury instructions are reviewed for errors of law. *State v. Hanes*, 790 N.W.2d 545, 548 (Iowa 2010). The objective of the appellate review is to determine whether the instruction accurately states the law and is supported by substantial evidence. *Id.*

### B. Error Preservation.

Error preservation is generally considered present when the issue to be reviewed has been raised and ruled on by the trial court. *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002). Submission of the instruction on aiding and abetting was raised by Braden and ruled on by the trial court. Error has been preserved.

C.    Discussion.

The aiding and abetting instruction would not have been appropriate if Braden was the only one who could have possibly been convicted of committing the crime.  *See State v. Mays*, 204 N.W.2d 862, 865 (Iowa 1973).  Knowledge and proximity to the scene is not enough to give an aiding and abetting instruction.  *State v. Vesey*, 241 N.W.2d 888, 891 (Iowa 1976).  However, such factors supported by circumstantial evidence may be enough.  *State v. Lewis*, 514 N.W.2d 63, 66 (Iowa 1994).  A woman was in the automobile where Reed's property had been placed.  When Middlesworth began questioning Braden, the woman shouted instructions to him, which he seemed to be following.  Middlesworth also testified that the woman looked scared and tried to cover her face.  There was substantial evidence that she was not there by accident and was more than a mere bystander.  The evidence is not as strong against the woman as it is against Braden, but she could have also been convicted of burglary.

## III.    Ineffective Assistance of Counsel.

A.    Scope of Review.

Ineffective-assistance-of-counsel claims raise constitutional issues and are therefore reviewed de novo.  *Castro v. State*, 795 N.W.2d 789, 792 (Iowa 2011).  To prevail on a claim of ineffective assistance of counsel, a party must establish both ineffective assistance and prejudice.  *Ledezma v. State*, 626 N.W.2d 134, 142 (Iowa 2001).  Counsel is not obligated to advance a meritless claim.  *State v. Brubaker*, 805 N.W.2d 164, 171 (Iowa 2011).  Ineffective-assistance-of-counsel claims are reserved for postconviction relief when they

may involve improvident trial strategy or miscalculated tactics and more record is required. *State v. Goff*, 342 N.W.2d 830, 838 (Iowa 1983). If additional record is not required, the claim can be decided on direct appeal. *Id.* In this matter we find the record sufficient to resolve each claim of ineffective assistance of counsel raised by Braden.

B.      Preservation of Error.

Ineffective assistance of counsel claims are an exception to the general rules of error preservation. *State v. Lucas*, 323 N.W.2d 228, 232 (Iowa 1982). A claim of ineffective assistance of counsel need not be raised before the trial court. *Id.*

C.      Discussion.

1.      Braden contends there was insufficient evidence that he entered the premises with the intent to commit a theft. He further claims counsel is ineffective for failing to properly raise the issue. Braden is in essence attacking the sufficiency of the evidence as to his entry and his intent. A verdict is upheld if supported by substantial evidence. *State v. Quinn*, 691 N.W.2d 403, 407 (Iowa 2005). Substantial evidence exists if it would convince a rational fact finder that the defendant is guilty beyond a reasonable doubt. *Id.* In determining that substantial evidence does or does not exist, the evidence is viewed in the most favorable light to the State. *Id.* Circumstantial evidence and direct evidence are equally probative. Iowa R. App. P. 6.904(3)(p).

Items that had been in Reed's building previously were in the trunk of Braden's car and the adjacent ditch. Braden was moving items back and forth from his trunk to the ditch. Braden admitted he was "picking," that is interpreted

to mean he had picked up and took possession of the items in question. There was a fresh path from Braden's car to Reed's buildings. Significant circumstantial evidence existed that Braden or the woman in the car had removed and taken possession of items that had been located in Reed's buildings. However counsel framed the motion for acquittal, it would have been overruled. The claim of a lack of evidence to support entry or specific intent is without merit, and therefore, counsel was not ineffective for failing to raise the issue.

2. Braden asserts counsel is ineffective for failing to object to the court's inadequate instruction that failed to relate the specific intent required when an aiding and abetting instruction is used. The instruction which Braden contends should have been added to the aiding and abetting instruction is included under the comment section of Iowa Uniform Jury Instruction 200.8. It states,

> Note: Add the following paragraph if the offense involves specific intent: "The crime charged requires a specific intent. Therefore, before you can find the defendant 'aided and abetted' the commission of the crime, the State must prove the defendant either has such specific intent or 'aided and abetted' with the knowledge of the others who directly committed the crime had such specific intent. If the defendant did not have the specific intent, or knowledge the others had such specific intent, (he)(she) is not guilty."

No objection was made; therefore, Braden's relief, if any, must be afforded under the ineffective-assistance-of-counsel rubric. Accordingly, counsel's error alone does not provide Braden relief. He must also establish prejudice. *See Ledezma*, 626 N.W.2d at 143. Prejudice requires a determination that there is a reasonable probability that absent counsel's error the result of the proceeding

would have been different. *Lamasters v. State*, 821 N.W.2d 856, 866 (Iowa 2012). The strength of the State's case is an important factor in determining whether prejudice has resulted. *State v. Carey*, 709 N.W.2d 547, 559 (Iowa 2006).

Braden's participation in the crime has already been pointed out. Aiding and abetting occurs when a person actively participates or encourages the act in some manner. *State v. Hustead*, 538 N.W.2d 867, 869 (Iowa Ct. App. 1995). Even if the woman was the one who entered Reed's building with the intent to commit a theft, Braden's participation before the event by driving to the location and his observed activities at the site negate any prejudice from the failure to object to the omission of the language cited from the instruction given.

3. Braden contends that his counsel was ineffective for failing to object to the court's lack of a colloquy confirming his previous two felony convictions that created the enhancement. Once again, this must be determined under the ineffective-assistance-of-counsel rubric. The court has a duty to ensure that a defendant knowingly and voluntarily stipulates to prior felonies when making an enhancement record pursuant to Iowa Rule of Criminal Procedure 2.19(9). *State v. Kukowski*, 704 N.W.2d 687, 692 (Iowa 2005). Even if the trial court could have done more to ensure Braden had knowingly and voluntarily stipulated to the prior conviction, a defendant is not prejudiced when the minutes of testimony reveal that the State is prepared to offer appropriate testimony proving the prior convictions. *See State v. McBride*, 625 N.W.2d 372, 375 (Iowa Ct. App. 2001). Braden contends that it is not enough that the State is prepared to prove his conviction, but the State must also be prepared to prove he

had counsel when the convictions were entered.  Braden cites no authority for that assertion.

**AFFIRMED.**