# IN THE COURT OF APPEALS OF IOWA

No. 16-0474
Filed February 22, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ANTONIO R. GANTT,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Black Hawk County, David F. Staudt, Judge.


        Antonio Gantt appeals the judgment and sentence following his convictions for burglary in the second degree, assault while participating in a felony, and criminal mischief in the second degree.  **AFFIRMED.**


        Mark C. Smith, State Appellate Defender, and Stephan J. Japuntich, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Thomas J. Ogden, Assistant Attorney General, for appellee.


        Considered by Potterfield, P.J., Doyle, J., and Mahan, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2017).

**MAHAN, Senior Judge.**

Antonio Gantt appeals the judgment and sentence following his convictions for burglary in the second degree, assault while participating in a felony, and criminal mischief in the second degree. Gantt contends (1) his trial counsel was ineffective in failing to object to certain testimony at trial, (2) the evidence was insufficient to support the jury's findings of guilt, and (3) the district court erred in instructing the jury on aiding and abetting. We affirm.

## I.     *Background Facts and Proceedings*

The State filed a trial information charging Gantt with burglary in the first degree, in violation of Iowa Code sections 713.1 and 713.3 (2015), assault while participating in a felony, in violation of section 708.3, and criminal mischief in the second degree, in violation of sections 716.1 and 716.4, following allegations that he attacked an occupied vehicle with a baseball bat.

At trial, the State presented evidence that on the afternoon of October 7, 2015, De'Vate Ewell was stopped at an intersecton near Allen Hospital in Waterloo when Gantt approached from a silver Chevrolet Impala parked behind Ewell's vehicle and struck Ewell's windows with a baseball bat. Later that afternoon, officers stopped an Impala bearing the license plate number provided by a witness to the assault. Gantt was driving the Impala; he fled but was apprehended shortly thereafter. A baseball bat matching the description of the bat used in the attack was found in the trunk of the Impala.

Following a trial, the jury found Gantt guilty on the lesser-included burglary offense and the other counts as charged, and the district court entered judgment

and sentence. Gantt appeals. Facts specific to his claims on appeal are set forth below.

## II. *Ineffective Assistance of Counsel*

Gantt contends his trial counsel was ineffective in failing to object to hearsay testimony by Ewell and Waterloo Police Officer Mark Jasper at trial. When no contemporaneous objection is made, the issue becomes whether the defendant received ineffective assistance of counsel. *State v. Martin*, 704 N.W.2d 665, 669 n.2 (Iowa 2005). We review ineffective-assistance claims de novo. *Dempsey v. State*, 860 N.W.2d 860, 868 (Iowa 2015). To succeed on his claim, Gantt must show (1) the breach of an essential duty and (2) prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "If we conclude a claimant has failed to establish either of these elements, we need not address the remaining element." *Dempsey*, 860 N.W.2d at 868. If Gantt cannot affirmatively establish that the evidence was inadmissible hearsay, the ineffective-assistance claim necessarily fails because counsel cannot be ineffective for failing to make a meritless objection. *See State v. Tompkins*, 859 N.W.2d 631, 637 (Iowa 2015).

Ordinarily, we preserve ineffective assistance claims for possible postconviction-relief proceedings. *See id.* We determine the record is adequate in this case to reach the merits of Gantt's claim; the following facts are relevant to this issue.

### A. *Statements by Ewell*

At trial, Ewell testified he did not remember who broke the windows of his car. The State confronted Ewell with a recording of his out-of-court identification of Gantt—as well as David Sailor and Jacane Campbell—as his assailants,

which identification Ewell then admitted having made during an interview with Officer Jasper shortly after the assault. Gantt contends his trial counsel should have objected to Ewell's testimony with regard to his prior statements as inadmissible hearsay.

Hearsay is an out-of-court statement offered in evidence to prove the truth of the matter asserted. Iowa R. Evid. 5.801(c). However, a prior statement by a witness is not hearsay if "[t]he declarant testifies and is subject to cross-examination about a prior statement, and the statement . . . [i]dentifies a person as someone the declarant perceived earlier." Iowa R. Evid. 5.801(d)(1)(C). "Consequently, the out-of-court identification is admissible to prove the truth of the matter asserted—the identity of the individual involved in specific activity." 7 Laurie Kratky Doré, *Iowa Practice Series: Evidence* § 5.801:8 (2015) (noting rule 5.801(d)(1)(C) "imposes no limits on the type of out-of-court identification statement that will be admissible" and "[t]he 'perceiving' of the individual identified can be the result of a line-up, on-scene identification, photograph or photographic array, or a chance or previously arranged encounter"). Here, the challenged testimony met the prerequisites for admission under rule 5.801(d)(1)(C); accordingly, trial counsel was not ineffective in failing to object. *See State v. Butler*, No. 09-0973, 2010 WL 2090808, at *2 (Iowa Ct. App. May 26, 2010) ("Burrage testified at trial and was subject to cross-examination. Burrage did not deny that he previously identified the intruder running from Kirk's house as Butler. Because Burrage testified to the identification and was subject to cross-examination, Kirk's and Officer Manion's testimony is not hearsay pursuant to Iowa Rule of Evidence 5.801(d)(1)(c). We therefore conclude

Butler's counsel acted reasonably when he chose not to object to its admission. Accordingly, he did not breach an essential duty.").

B. *Statements by Jasper*

Gantt also contends counsel should have objected to certain statements by Officer Jasper. Gantt challenges Officer Jasper's testimony during the following exchange:

> Q. Did Mr. Ewell ever indicate that the bat actually hit anything or managed to strike anything in the inside of the vehicle? A. He did not.
> Q. Did Mr. Ewell indicate to you that the bat had been used to attempt to strike him in the vehicle? A. He did.
> Q. Did he ever indicate that that person was ever actually successful in striking him with the actual bat inside the vehicle? A. It was unsuccessful to strike him.

Gantt further challenges the following statement by Officer Jasper with regard to his investigation of the Impala driven by Gantt: "It was advised to me by the officers on scene that [Gantt] had requested his vehicle—his belongings in the trunk be given to his family members." As noted above, a baseball bat—matching the description of the one used to strike Ewell's vehicle—was discovered in the trunk of the Impala.

Even if these statements were deemed hearsay, Gantt has failed to establish the requisite prejudice for counsel's failure to object. There was ample evidence presented of Gantt's guilt independent of the statements. Within hours after the assault and in the same area of Waterloo, officers apprehended Gantt driving a silver Impala with a license plate number matching the number provided by an eyewitness to the assault. Gantt's clothing and appearance was consistent with a surveillance video recording depicting the driver of the Impala make a U-

turn to follow Ewell's vehicle immediately prior to the assault. And Gantt fled from the vehicle upon the stop. We conclude there is no reasonable probability of a different result and Gantt suffered no prejudice as a result of his counsel's alleged breach of an essential duty. Accordingly, Gantt's ineffective-assistance-of-counsel claim fails, and we affirm on this issue.

## III.    *Sufficiency of the Evidence*

Gantt raises several claims relating to the sufficiency of the evidence to support his convictions, contending the evidence was insufficient (A) to establish his guilt as an aider and abettor,[1] and (B) to prove the "breaking" element necessary to support his conviction for burglary in the second degree. We review challenges to the sufficiency of the evidence for correction of errors at law. *State v. Edouard*, 854 N.W.2d 421, 431 (Iowa 2014), *overruled on other grounds by Alcala v. Marriott Intn'l, Inc.*, 880 N.W.2d 699 (Iowa 2016). "In reviewing challenges to the sufficiency of evidence supporting a guilty verdict, courts consider all of the record evidence viewed in the light most favorable to the State, including all reasonable inferences that may be fairly drawn from the evidence." *State v. Showens*, 845 N.W.2d 436, 439-40 (Iowa 2014) (citation omitted). The jury's verdict is binding on appeal unless there is an absence of

---

[1] This sufficiency-of-the-evidence claim was not raised in Gantt's motion for judgment of acquittal. If a motion for judgment of acquittal lacks specific grounds, those grounds are not preserved. *See State v. Truesdell*, 679 N.W.2d 611, 615 (Iowa 2004) ("To preserve error on a claim of insufficient evidence for appellate review in a criminal case, the defendant must make a motion for judgment of acquittal at trial that identifies the specific grounds raised on appeal."). Gantt also raises the claim in the form of an ineffective-assistance-of-counsel claim for which the normal error preservation rules do not apply, and we may proceed to its merits if the record is adequate. *See State v. Fountain*, 786 N.W.2d 260, 263 (Iowa 2010); *see also State v. Brubaker*, 805 N.W.2d 164, 170 (Iowa 2011) ("Failure of trial counsel to preserve error at trial can support an ineffective-assistance-of-counsel claim.").

substantial evidence in the record to sustain it. *State v. Hennings*, 791 N.W.2d 828, 832 (Iowa 2010), *overruled on other grounds by State v. Hill*, 878 N.W.2d 269 (Iowa 2016). "Evidence is substantial if it would convince a rational trier of fact the defendant is guilty beyond a reasonable doubt." *State v. Jorgensen*, 758 N.W.2d 830, 834 (Iowa 2008).

### A.    Aiding and Abetting

The jury was instructed it could find Gantt guilty as a principal or as an aider and abettor. Specifically, the marshalling instructions for the respective crimes charged required the State to prove "the defendant or the person or persons he aided and abetted" committed the criminal acts. The jury was further instructed:

> When two or more persons act together and knowingly commit a crime, each is responsible for the other's acts during the commission of the crime or escape from the scene. The defendant's guilt is the same as the other person's unless the acts could not reasonably be expected to be done in aiding the commission of the crime.
>     . . . .
> All persons involved in the commission of a crime, whether they directly commit the crime or knowingly "aid and abet" its commission, shall be treated in the same way.
> "Aid and abet" means to knowingly approve and agree to the commission of a crime, either by active participation in it or by knowingly advising or encouraging the act in some way before or when it is committed. Conduct following the crime may be considered only as it may tend to prove the defendant's earlier participation. Mere nearness to or presence at the scene of the crime, without more evidence, is not "aiding and abetting." Likewise, mere knowledge of the crime is not enough to prove "aiding and abetting."
> The guilt of a person who knowingly aids and abets the commission of a crime must be determined only on the facts which show the part he has in it, and does not depend upon the degree of another's guilt.
> If you find the State has proven the defendant directly committed the crime or knowingly "aided and abetted" other

persons in the commission of the crime, then the defendant is guilty of the crime charged.

The crime charged requires a specific intent. Therefore, before you can find the defendant "aided and abetted" the commission of the crime, the State must prove the defendant either had such specific intent or "aided and abetted" with the knowledge the others who directly committed the crime had such specific intent. If the defendant did not have the specific intent, or knowledge the others had such specific intent, he is not guilty.

Minimally, the jury could have found from the evidence presented that Gantt was the driver of the silver Impala involved in the assault. Conversely, the jury could have found Gantt was the person who used the baseball bat to strike Ewell's vehicle. In any event, the evidence was sufficient to support the jury's finding that Gantt was engaged in criminal activities or had knowledge someone he was with was engaged in criminal activities. *See, e.g., State v. Hustead*, 538 N.W.2d 867, 870 (Iowa Ct. App. 1995) ("The important inquiry is whether the aider and abettor had knowledge that an act which is criminal was intended, and participated in some way with the intent to encourage the criminal act."). We find Gantt's claim unpersuasive.

*B.      Breaking Element*

Gantt contends the State failed to prove the "breaking" element necessary to support his conviction for burglary in the second degree, because "[a]t trial, Ewell denied knowing whether the bat entered the vehicle." The jury was instructed the State would have to prove the following elements of burglary in the second degree:

1. On or about the 7th day of October 2015, the defendant or the person or persons he aided and abetted broke and/or entered into a vehicle owned by Charmin Anderson.
2. The vehicle was an occupied structure as defined in Instruction No. 33.

3. The defendant or the person or persons he aided and abetted did not have permission or authority to break and/or enter into the vehicle.

4. The defendant or the person or persons he aided and abetted did so with the specific intent to commit an assault therein, or aided and abetted another knowing the other had the specific intent to commit an assault therein.

5. During the incident:
a. the defendant or the person or persons he aided and abetted had possession of a dangerous weapon, or
b. a bodily injury resulted to any person, or
c. one or more persons were present in the vehicle.

*See* Iowa Code § 713.5. The jury was further instructed: "The term 'breaks' or 'broke' means removing or putting aside any obstruction to enter a structure. No damage need result to the property. For example, the pushing open of an unlatched or partially-opened door to gain entry would be 'breaking' within the meaning of the law." *See State v. Hougland*, 197 N.W.2d 364, 365 (Iowa 1972) ("'Breaking' means making an opening into a building by trespass and occurs when an intruder removes or puts aside some part of the structure relied on as an obstruction to intrusion."); *see also State v. Sanford*, 814 N.W.2d 611, 618 (Iowa 2012) (discussing breaking and entering a vehicle as sufficient to sustain a burglary conviction).

The jury could have found from the evidence presented that a breaking occurred when a baseball bat was used to shatter the windows of the vehicle Ewell was driving. *See Hougland*, 197 N.W.2d at 365. In this context, whether Ewell remembered the bat entering the vehicle is irrelevant. We affirm on this issue.

## IV.    *Jury Instructions*

Gantt appeals the district court's submission of aiding-and-abetting instructions allowing the jury to convict him as a principal or an aider and abettor. "We review whether there was sufficient evidence to warrant submission of a jury instruction for correction of errors at law." *State v. Neiderbach*, 837 N.W.2d 180, 190 (Iowa 2013).

As addressed above, a reasonable jury could have concluded Gantt aided and abetted one or more assailants in committing the criminal acts. *See id.* Accordingly, the court's submission of the aiding-and-abetting instructions is affirmed.

## V.    *Conclusion*

Upon consideration of the issues raised on appeal, we affirm Gantt's judgment and sentence for burglary in the second degree, assault while participating in a felony, and criminal mischief in the second degree.

**AFFIRMED.**